ALBERT LEAVITT, administrator, *vs.* JARVIS E. BAKER, and others.

Somerset.    Opinion June 5, 1889.

*Witness. Party. Deposition. R. S., c. 107, § 18.*

Objections to the form of a question must be made and noted at the time of taking a deposition; but objections to the competency of a deponent, or objections to the competency of the questions or answers, may be made when the deposition is offered at the trial.

This is the rule of the statute; and was held to apply where the opposing party filed cross-interrogatories, but did not object to the taking the deposition.

Under such circumstances, in an action by an administrator, who did not testify, *Held*, that the deposition of a defendant to prove facts happening before the death of the intestate, was properly excluded.

ON EXCEPTIONS.

This was an action of assumpsit on a promissory note given by the defendant jointly with two other persons. The administrator did not testify. The defendant Jarvis E. Baker, husband of Eliza A. Baker, co-defendant, was defaulted the day before the trial. Mrs. Baker and her other co-defendant, Rebecca

Robbins, offered said Jarvis E. Baker's deposition, at the trial, taken while he was a party defending and before default, to prove that they were sureties on the note; and were discharged from liability on it by an agreement, to extend the time of its payment, made between the intestate and said Jarvis E. Baker. The plaintiff, at the taking the deposition, put cross-interrogatories to Baker, relating to facts occurring since the death of the intestate, but made no objections to the defendants' interrogatories or the competency of Baker as a witness.

The court excluded the deposition, and the defendants excepted to the ruling.

*W. H. Baker*, for defendants.

The deposition was admissible. The exceptions in § 98, of c. 82, R. S., are less restrictive than the common law. *Kelton* v. *Hill*, 59 Maine, 260. Husband may testify for his wife. R. S., c. 82, § 93.

Baker's interest having been removed by default, he was admissible as a witness, at common law. *Bradlee* v. *Neal*, 16 Pick. 501; *Chaffee* v. *Jones*, 19 Pick. 260; *Bate* v. *Russell*, 1 Moody & M. 332; *York* v. *Blott*, 5 Maule & S. 72; *Worrall* v. *Jones*, 7 Bing. 395; and although a party to the suit, *Johnson* v. *Blackman*, 11 Conn. 342; *Cowles* v. *Whitman*, 10 Conn. 121. Competent witness for his sureties as to facts, happening after note was given, his interest being equally balanced. *Freeman's Bank* v. *Rollins*, 13 Maine, 202.

Plaintiff waived his right to object to using deposition. *Ogle* v. *Paleski*, 1 Holt N. P. 485; *Lynde* v. *Taylor*, 17 Ala. 270; *Gray* v. *Brown*, 22 Id. 262; *Rogers* v. *Dibble*, 3 Paige, (N. Y.) 238; *Callaghan* v. *Rochfort*, 3 Atkyns, 643; *York Co.* v. *Central R. R.*, 3 Wall. 107; *U. S.* v. *Hair Pencils*, 1 Paine, C. C. 400; *Edmunds* v. *Griffin*, 41 N. H. 529; *Shutte* v. *Thompson*, 15 Wall. 151; 1 Stark. Ev. 92; *Kimball* v. *Cook*, 6 Ills. 423; *Winslow* v. *Newland*, 45 Id. 145; *Thoroughgood* v. *Anderson*, 5 Harr. (Del.) 199.

*E. Lowe*, for plaintiff.

I. Deponent was not a competent witness to prove facts happening before the death of intestate.

1.  Because he was a party at the time of taking the deposition. R. S., c. 82, §§ 93, 98. *Buck* v. *Rich*, 78 Maine, 431.

2.  Because he was a party to the record at the time of trial, although defaulted, and so incompetent, both under the statute and at common law. *Berry* v. *Stevens*, 71 Maine, 505; *Wing* v. *Andrews*, 59 Maine, 508; *Kennedy* v. *Niles*, 14 Maine, 57; *Gilmore* v. *Bowden*, 12 Maine, 412; *Com.* v. *Marsh*, 10 Pick. 57; *Vinal* v. *Burrill*, 18 Pick. 29; *Faunce* v. *Gray*, 21 Pick. 245; *Bull* v. *Strong*, 8 Met. 10; *Fox* v. *Whitney;* 16 Mass. 121; *Bridges* v. *Armour*, 5 How. 91; *Stein* v. *Bowman*, 13 Pet. 209; *Scott* v. *Lloyd*, 12 Pet. 145; *Supervisors* v. *Birdsall*, 4 Wend. 457; *Mills* v. *Lee*, 4 Hill, 549; *Frear* v. *Evertson*, 20 Johns. 142; *Benjamin* v. *Coventry*, 19 Wend. 353.

3.  Because he was husband of one of the defendants and not a competent witness for her whether he was a party or not. *Jones* v. *Simpson*, 59 Maine, 180; *Hunter* v. *Lowell*, 64 Maine, 572; *Berry* v. *Stevens*, 69 Maine, 290; *Hubbard* v. *Johnson*, 77 Maine, 139.

The exceptions state that the deposition was offered by the two defendants to show that "they" were sureties, etc.

It was inadmissible for the purpose for which it was offered, and defendants must now be confined to the specific offer which they made at the trial. *Wheeler* v. *Rice*, 8 Cush. 208, and cases there cited.

Exceptions must show affirmatively that the ruling was erroneous. *Allen* v. *Lawrence*, 64 Maine, 175.

II.  Even if the deponent was a competent witness the exceptions must be overruled because the defendants were not injured by the ruling. *State* v. *Pike*, 65 Maine, 113.

To discharge the sureties the agreement must be valid and binding on both parties, so that one can not pay or the other enforce payment for a definite and certain time. *Turner* v. *Williams*, 73 Maine, 470; *Berry* v. *Pullen*, 69 Maine, 101.

"A year or more" is indefinite and uncertain, nor is any consideration shown.

*Dunn* v. *Collins*, 70 Maine, 230; *Mathewson* v. *Strafford Bank*, 45 N. H. 104; Grayson's Appeal Reporter, vol. 20, p. 377, and cases cited.

III. The right of plaintiff to object to the competency of deponent and to the questions and answers at the time of trial is settled by R. S., c. 107, § 18, and the decisions of this court and Mass. *Parsons* v. *Huff*, 38 Maine, 144–5; *Lord* v. *Moore*, 37 Maine, 208; *Polleys* v. *Ocean Ins. Co.*, 14 Maine, 141; *Whitney* v. *Heywood*, 6 Cush. 82; *Talbot* v. *Clark*, 8 Pick. 51.

WALTON, J. The competency of witnesses, and the admissibility of evidence, including the manner of taking depositions, and the use that may be made of them, are governed in this state largely by legislative enactments; and in the construction of these enactments, the rules that prevail in other jurisdictions can have but little, if any, influence. We make this remark because the decisions cited by the defendants' counsel relate exclusively to the rules which prevail in other jurisdictions. If these rules are found to be different from ours, of course the latter and not the former must prevail.

The question presented in this case is whether, when a deposition is taken, an objection to the competency of the deponent, or to the competency of a question or answer, will be regarded as waived, unless made and noted at the time the deposition is taken, or whether such an objection may be made when the deposition is offered at the trial. We regard it as settled law in this state, that while all objections to the mere form of a question must be made and noted at the time the deposition is taken, objections to the competency of a deponent, or to the competency of the questions or answers, may be made when the deposition is offered at the trial. *Lord* v. *Moore*, 37 Maine, 208. *Parsons* v. *Huff*, 38 Maine, 137. R. S., c. 107, § 18.

We think the objection to the excluded deposition was seasonably made and properly sustained.

*Exceptions overruled.*

PETERS, C. J., DANFORTH, VIRGIN, LIBBEY and HASKELL, JJ., concurred.