# Richmond.

## CLOPTON v. COMMONWEALTH.

### March 11, 1909.

1. CRIMINAL LAW—*Indictment—Sufficiency—Charging Sale of Intoxicating Liquor—Delivery.*—An indictment for the sale of ardent spirits without license, substantially in the language of the statute, saying nothing about delivery, is sufficient. The sale includes the delivery.

2. CRIMINAL LAW — *Indictment — Names of Witnesses — Directory Statute.*—The statute requiring the names of the witnesses upon whose testimony an indictment is found to be written at the foot of the indictment is directory only, and the absence of such names is not a valid objection to the indictment.

3. CRIMINAL LAW.—*Indictment for the Sale of Intoxicating Liquors—Allegation of Time—Name of Purchaser.*—It is unnecessary to allege in an indictment for the unlawful sale of intoxicating liquors, the precise time when, or the person to whom, the sale was made. The charge that the defendant did "unlawfully sell and deliver intoxicating liquors," is sufficient. Nor can the Commonwealth be required to state in advance of its evidence, the time when, or the person to whom, the sale was made.

4. CRIMINAL LAW—*Sale of Intoxicating Liquors—Possession of United States License—Constitutional Enactment.*—The statute making the possession of a United States revenue license to sell liquor by one not licensed to sell under the State law *prima facie* evidence of a sale of liquor contrary to the State law is a valid and constitutional enactment.

5. CRIMINAL LAW—*Sale of Liquor—Testimony of Defendant—Proof Satisfactory to Jury—Interested Witness.*—A jury is not obliged to believe the testimony of an interested or biased witness, though unimpeached, and the mere fact that a defendant indicted for the unlawful sale of intoxicating liquors, and his confidential clerk, testify that no illegal sale was made is not good ground for setting aside a conviction founded on evidence of the possession of a United States revenue license, as the

statute provides that, in such case, the burden of proof is on the defendant, and that unless he shows by satisfactory proof that he has not violated the law he shall be convicted. Whether the proof was satisfactory or not was a question for the jury, who were not obliged to accept as "satisfactory" the testimony of the defendant and his clerk.

Error to a judgment of the Circuit Court of Gloucester county.

*Affirmed.*

The opinion states the case.

*J. N. Stubbs,* for the plaintiff in error.

*Robert Catlett, Assistant to the Attorney General,* for the Commonwealth.

KEITH, P., delivered the opinion of the court.

The grand jury of Gloucester county found an indictment against T. C. Clopton, charging that in the year 1908, in said county, and on each day thereafter, up to and including the 29th day of February, 1908, he did unlawfully sell by retail wine, ardent spirits, malt liquors and mixtures thereof, he, the said Clopton, not then and there having a license so to do from the State of Virginia, against the peace and dignity of the Commonwealth.

Upon the trial before a jury, he was found guilty as charged in the indictment, and assessed with a fine of $20, upon which verdict the court entered a judgment which is before us for review.

The first assignment of error is that the demurrer to the indictment should have been sustained, because it only charges that the defendant did unlawfully sell, and does not state that a delivery was made.

The indictment is substantially in the language of the

statute.   The sale includes the delivery, and this objection is not well taken.

There was a motion to quash the indictment, because the names of the witnesses upon whose testimony the indictment was found were not written at its foot.

This objection to. indictments has been often made, and has always been overruled, upon the ground that the statute requiring the names of the witnesses to be placed at the foot of the indictment is not mandatory but directory only.   No good reason is perceived why this objection should be so often reiterated when, under the numerous decisions of this court, it should be considered as finally closed.

After the jury had been sworn, and before any evidence had been introduced, the defendant moved the court to require the Comonwealth to name a day and point out to whom a sale had been made, which motion the court overruled, and this ruling of the court is now assigned as error.

In *Runde* v. *Commonwealth,* 108 Va. 873, 61 S. E. 792, 2 Va. App. 291, citing numerous decisions of this court bearing upon the subject, it was held to be unnecessary to allege in an indictment for the unlawful sale of intoxicating liquors, the precise time when, or the person to whom, the sale was made; the charge that the defendant did "unlawfully sell and deliver intoxicating liquors" is sufficient.

After the evidence had been introduced, the court gave the following instruction: "The court instructs the jury, that the possession of an internal revenue receipt by T. C. Clopton is *prima facie* evidence of the sale of liquor in Gloucester county in the time covered by the indictment, and unless it shall be proved to their satisfaction that the law has not been violated and no sale has been made in said county during the months of January and February, they should convict the accused."

By an act approved March 15, 1906, it was declared. that the possession of a United States internal revenue tax receipt for the sale of ardent spirits in this State shall be *prima facie*

evidence of the sale of liquor. "And whenever the holder of such a receipt shall not be licensed to sell wine, ardent spirits, malt liquor, or any mixture of any of them, under and in accordance with the laws of Virginia, and shall be prosecuted or otherwise proceeded against for the illegal sale   *   *   * the burden of showing that he has not violated the law shall be upon him, and in the absence of satisfactory proof that he has not violated the law shall be convicted   *   *   *." Acts, 1906, p. 411.

The constitutionality of this statute was considered and sustained in *Runde* v. *Commonwealth, supra,* and similar statutes have been upheld in *Commonwealth* v. *Austin,* 97 Mass. 505; *Fruidie* v. *State,* 66 Neb. 244, 92 N. W. 320; *State* v. *Intoxicating Liquors,* 80 Maine, 57, 12 Atl. 794; and *Leavitt* v. *Baker,* 82 Maine, 26, 19 Atl. 86.

We are of opinion that the instruction correctly stated the law to the jury as embodied in the statute, and the objection to it cannot be maintained.

The remaining assignment of error is to the refusal of the court to set aside the verdict upon the motion of the defendant, as being contrary to the law and the evidence.

The Commonwealth, to maintain the issue on its part, introduced evidence showing that T. C. Clopton obtained and had in his possession a United States internal revenue tax receipt for the sale of ardent spirits within this State during the period covered by the indictment, and rested its case. Thereupon the defendant testified in explanation of his possession of this internal revenue license or receipt, that he was advised by the United States revenue collector to pay the tax, because he was selling drugs which had a large percentage of alcohol, and was also selling cider, and that he determined that it would be cheaper for him to take out the license than to incur the risk of being arrested and carried before the United States court; that he had not sold intoxicating liquors in his store

during the time covered by the indictment, nor did he have in his store during that period any intoxicating liquors.

The evidence of his clerk tends to corroborate the statements of the defendant, and a Mr. Linden also testified that he was at the store of the defendant almost daily and never saw any intoxicating liquors sold there by the defendant, or by anyone else.

As is said in *Runde* v. *Commonwealth, supra,* the language of our statute, making the possession of a United States license evidence of the sale of intoxicating liquor, means that such possession raises an inconclusive or disputable presumption that the fact exists, unless and until something is offered to show the contrary. It is inconclusive and disputable because the statute in terms declares that it shall be *prima facie* evidence of the sale of liquor, the effect of which is, by the succeeding terms of the statute, to place the burden of showing that he has not violated the law upon the defendant who holds such license; and, in the absence of satisfactory proof that he has not violated the law, he shall be convicted.

Certainly, if the defendant had introduced no testimony, the statute would have justified—indeed, have required—the jury to convict. The defendant, however, in this case assumed the burden of showing that he had not violated the law, and introduced evidence to that effect. The statute says that the proof must be "satisfactory" that the law has not been violated, and that the burden of showing this is upon the defendant. Proof satisfactory to whom? To the tribunal established by law for the determination of facts.

In this case, the jury had before it evidence sufficient, of itself, when standing alone, to require a conviction. The defendant had the burden placed upon him of overcoming this *prima facie* case, of meeting this inconclusive and disputable presumption of guilt, and he undertook to bear the burden. But the jury were not satisfied with the proof. In their judgment the *prima facie* case was not met by the evidence

which the defendant introduced, and in the exercise of that discretion with which the jury is clothed by the law, they found the defendant guilty; and that verdict, having been sustained by the trial court, cannot here be disturbed, unless the court can say as matter of law that it was the duty of the jury to give credit to the witnesses for the defense.

In Proffatt on Jury Trial, section 363, it is said: "The general rule, that where unimpeached witnesses testify positively to a fact, and are uncontradicted, the jury are not at liberty to discredit their testimony, is subject to exceptions; as, where the statements of the witness are grossly improbable, or he has an interest in the question at issue. However well setled the rule may be that the credibility of a witness is for the jury, the judge has power to instruct them as to what circumstances are to be unfavorably considered in their estimation of his evidence. So the testimony of a witness may be wholly rejected by a jury, if from his manner and the improbability of his story or his self-contradiction in the several parts of his narrative, the jury become convinced that he is not speaking the truth; and this is true although he be not attacked in his reputation, or contradicted by other witnesses."

In Wigmore on Evidence, at section 2034, it is said: "The mere assertion of any witness does not of itself need to be believed, even though he is unimpeached in any manner; because to require such belief would be to give a quantitative and impersonal measure to testimony."

In *Charleston Ins. &c. Co.* v. *Corner*, 2 Gill (Md.) 411, the syllabus of the case states: "The jury have the power to refuse their credit to parol testimony, and no action of the court should control the exercise of there admitted right to weigh its credibility." *Conrad* v. *Williams*, 6 Hill (N. Y.) 444.

In *Elwood* v. *Western Union Tel. Co.*, 45 N. Y. 549, 6 Am. Rep. 140, speaking of the credit to be attached to an uncontradicted witness, the court said: "Very clear and decisive

evidence was required in this case to establish that the message which came over the defendant's wires was not communicated in the natural and ordinary manner. From the necessity of the case, such evidence as there is to that effect proceeds wholly from parties having an important interest in the question. Each of them, if guilty of the negligent act, would have the strongest motive to deny it, as the admission would subject him or her to severe responsibility for the consequences. This is a controlling consideration in determining whether the statements of these witnesses should be taken as conclusive. Without imputing a want of truthfulness to these witnesses, we think that their relation to the subject-matter in controversy was of itself sufficient to take from the court the right to dispose of the case upon their evidence and to require that the jury should pass upon the weight to be given to their statements."

In *Kavanagh* v. *Wilson,* 70 N. Y. at p. 179, the court says: "It is undoubtedly a general rule, that when a disinterested witness who is in no way discredited, testifies to a fact within his own knowledge, which is not of itself improbable, or in conflict with other evidence, the witness is to be believed, and the fact is to be taken as legally established, so that it cannot be disregarded by court or jury. But this case is not fairly brought within this rule. Here the witness was not wholly disinterested. He was a son of the plaintiff, engaged in his business and thus biased and interested in feeling."

In *Sipple* v. *State,* 99 N. Y. 289, 1 N. E. 896, dealing with the credibility of a witness, the court said: "This witness was not disinterested, and the trial court might well have regarded his evidence on that point with suspicion and incredulity. He had been charged, in a criminal prosecution, with liability for the mischief occasioned by the act in question, and although discharged from that accusation, still remained liable to a civil action for damages, and to prosecution for felony under section 479 of the Penal Code and to other punishment, under

section 480. He was, therefore, influenced by the most serious considerations, not only to repel the imputation of neglect as against himself, but to throw the suspicion of guilt upon others. Under the circumstances surrounding this man, the trial court was under no legal obligation to give implicit credit to his testimony."

In the case at bar, the principal witness was the defendant, who testified in his own behalf. In corroboration of his testimony he introduces a witness bearing his own name and occupying toward him certainly a confidential relation as clerk in his store. Both of these witnesses come within the influence of the principles established by the text-writers and adjudicated cases which we have cited.

There is another consideration which has a strong tendency to support the verdict of the jury. It was within the power of plaintiff in error to have established the truth of his statement by a disinterested witness. He might have called upon the collector of internal revenue to testify in his behalf, and the testimony of an unimpeached and disinterested witness would have freed the subject from all doubt; but this he did not do, but saw fit to rely upon the testimony of himself and of his clerk, one of whom was directly interested in the result, and the other, in the language of *Kavanagh* v. *Wilson, supra,* "biased and interested in feeling."

We are of opinion that the judgment of the circuit court should be affirmed.

*Affirmed.*