## HEITLER v. UNITED STATES.

### WEINSTEIN v. SAME.

(Circuit Court of Appeals, Seventh Circuit. January 13, 1922.)

Nos. 2849, 2850.

1. **Intoxicating liquors ⬳216—Indictment for sale held sufficient.**
   An indictment charging the sale for beverage purposes of intoxicating liquor, further defined as distilled spirits containing more than one-half of 1 per cent. of alcoholic content, *held* sufficient, under National Prohibition Act, tit. 2, § 3.

2. **Criminal law ⬳493—Indictment for sale of intoxicating liquor held supported by testimony that the beverage ordered and received was whisky.**
   An indictment for sale for beverage purposes of intoxicating liquor *held* supported by testimony of witnesses, who stated that they were experienced in the use of whisky and that the beverage they ordered and received and drank was whisky.

3. **Intoxicating liquors ⬳168, 169—Owner and manager of place where liquor was illegally sold held chargeable as principals.**
   Where two persons were associated as owner and manager of a place where liquor was illegally sold and served by waiters, each is chargeable with the offense as principal.

4. **Indictment and information ⬳175—Erroneous averment in indictment of place of sale held immaterial.**
   An averment in an indictment that the place where an illegal sale of liquor was made was in Chicago *held* immaterial, where the sale proved, while not within the city, was in the same district.

In Error to the District Court of the United States for the Eastern Division of the Northern District of Illinois.

Criminal prosecution by the United States against Coleman Heitler and Abraham Weinstein. Judgment of conviction, and defendants bring error. Affirmed.

Henry W. Freeman, of Chicago, Ill., for plaintiffs in error.

Charles F. Clyne and Charles J. Monahan, both of Chicago, Ill., for the United States.

Before BAKER, ALSCHULER, and PAGE, Circuit Judges.

PAGE, Circuit Judge. Plaintiffs in error (herein known as defendants) were convicted in the District Court at Chicago under both counts of an indictment charging violation of the National Prohibition Act (41 U. S. Stats. at L. p. 305). Under the first count, charging unlawful possession of intoxicating liquor, defendants admitted guilt, but no sentence was imposed thereon.

[1] The second count charges that defendants, at Chicago, in said district, did unlawfully sell for beverage purposes certain intoxicating liquors, to wit, distilled spirits of more than one-half of 1 per cent. alcoholic content, etc. It is urged that this count is defective. Section 3 of title 2 of the Prohibition Act provides:

"No person shall * * * sell * * * any intoxicating liquor except as authorized in this act, and all the provisions of this act shall be liberally construed to the end that the use of intoxicating liquor as a beverage may be prevented."

Section 1 of title 2 of the act provides:

"The word 'liquor' or the phrase 'intoxicating liquor' shall be construed to include alcohol, brandy, whisky, rum, gin, beer, ale, porter, and wine, and in addition thereto any spirituous, vinous, malt, or fermented liquor, liquids, and compounds, whether medicated, proprietary, patented, or not, and by whatever name called, containing one-half of 1 per centum or more of alcohol by volume which are fit for use for beverage purposes."

The defendants are charged with the unlawful sale for beverage purposes of intoxicating liquor, further defined to be distilled spirits containing more than one-half of one per cent. of alcoholic content. As this court said in Jacobsen v. United States, 272 Fed. 399.

"The language of each count is substantially that of the statute, and properly charges a statutory offense. The meaning is clear. No injury growing out of any alleged insufficiency or uncertainty in the allegations appears from the record, and none is disclosed in the argument [citing Jelke v. United States, 255 Fed. 264]."

[2] It is contended that there was no evidence of the intoxicating character of the beverage sold. This is apparently based upon the fact that there was no chemical analysis of the beverage and that those testifying could not and did not undertake to tell the alcoholic content. Witnesses Somerville and Frazer ordered whisky from a waiter who said, "We have some very good whisky." When the witness Fisher arrived, the waiter asked him if he was going to have the same drink ordered by the others, and Fisher replied, "Yes, if they ordered whisky." The waiter filled the order by bringing back a beverage. By the very act of filling an order for whisky, whoever filled it must be held to have represented that it was whisky. Witnesses who gave the order for whisky drank that which was brought to them and pronounced it whisky. They were experienced in the use of whisky.

Distilled spirits containing less than one-half of 1 per cent. alcoholic

content, if known at all commercially, was never known as whisky, so that the experience of the witnesses, who said that they were familiar with the use of whisky, must have been gained by drinking beverages containing more than one-half of one per cent. of alcoholic content. Their opinion that the beverage served them was whisky was competent evidence that it was a liquor containing more than one-half of 1 per cent. alcoholic content. See opinion in Lewinsohn v. United States, 278 Fed. 421, of this court filed November 29, 1921.

[3] Defendants urge that the evidence is not such as to support a conviction as to either of them for the selling of whisky. The Wigwam Inn, where the liquor was sold, is in the town of Burr Oak, Cook county, Eastern division of the Northern district of Illiniois. On the ground floor of the Inn was an ordinary barroom, back of which was a cabaret, and on the rear of the lot was a building used for purposes of prostitution. Defendants had adjoining bedrooms upstairs, in one or both of which liquor was found while defendants were with the officers. Neither defendant testified, nor did any one on their behalf, so that the testimony was wholly uncontradicted.

On the night in question, when the officers came into the barroom, Weinstein was back of the bar, and when commanded to stand still did not do so, but stepped up to the bar and reached for or struck something. They heard something tumble, and found an ordinary mixer or shaker, tipped over. It smelled of whisky, and in it were a few drops of liquid that smelled and tasted like whisky. Weinstein said he owned the place, and the waiter said he worked for Weinstein. Heitler was about the premises, had a bedroom upstairs, and said that he was the manager of the place. The testimony does not indicate that he was a customer or a guest. The girls soliciting in the place where whisky was ordered and served said they paid a part of their earnings to defendants, Weinstein and Heitler. When the girls were arrested, Heitler negotiated for their release, and, not having money enough, went to the cash drawer of the place. Except for the house of prostitution on the rear of the lot the only business shown to have been carried on was the sale of drinks, and it seems, beyond a reasonable doubt, that Heitler was at least the manager of that business.

Where two or more parties join in an unlawful undertaking or enterprise, there is no master and no servant, but each is liable as principal in a criminal action to punishment for violation of the law. It does not matter whose hand gave out the whisky, or who served it; it was a common undertaking, participated in by Heitler, and a part of which was a violation of the law as charged, and all are guilty. U. S. Criminal Code, § 332 (Comp. St. § 10506); Hitchman Coal & Coke Co. v. Mitchell, 245 U. S. 229, 249, 38 Sup. Ct. 65, 62 L. Ed. 260, L. R. A. 1918C, 497, Ann. Cas. 1918B, 461.

It is urged that the testimony about the house of prostitution, of which there was considerable, was irrelevant and prejudicial to the defendants. It is difficult to see in what manner it was prejudicial, and, beyond the insistence that it was nothing is shown. On the contrary, the house and business seem to have been a part of the plant and business carried on in the Inn. The inmates were in the cabaret

soliciting business while the whisky was being ordered. When the inmates were arrested, they said that part of the money received for the purposes for which they were there had been given to the defendants.

[4] Complaint is made against the instructions, yet there was but one exception. Defendants excepted to the instruction that the averment that the sale took place in Chicago was immaterial. Chicago was only a place within the Northern district of Illinois; it was no part of the offense and was mere surplusage. It was not urged on the trial, nor is it shown, that defendants were prejudiced in any way by that averment. Such a sale as charged in the indictment would be unlawful anywhere in the United States. An examination of the instructions convinces us that they were fair and without error.

The judgment is affirmed.