## Richmond.

### JOHN S. HALE V. COMMONWEALTH.

March 16, 1922.

Absent, West, J.

1. INTOXICATING LIQUORS—*Indictment and Information—Bill of Particulars—Failure to Specify Character of Liquor and to Whom Sold.*—In a prosecution for the sale of "ardent spirits," accused objected to a bill of particulars furnished by the Commonwealth on the ground that it did not inform him what sort of ardent spirits he was accused of selling, nor to whom he sold them.

   *Held:* As the prohibition act defines the meaning of the term "ardent spirits," it was not necessary to be more specific, nor was it necessary to state to whom the ardent spirits were sold.

2. INTOXICATING LIQUORS—*Evidence Sufficient to Support Verdict—Testimony of Purchaser.*—Defendant objected that a verdict of guilty in a prosecution for selling ardent spirits was contrary to the evidence, in that "what was sold was not of the enumerated beverages mentioned in the statute, nor shown to contain more than one-half of one per cent of alcohol." The purchaser testified that although he did not know what the liquor was, he believed it was either corn whisky or apple brandy, and that it was intoxicating.

   *Held:* That the evidence was sufficient to support the verdict.

Error to a judgment of the Circuit Court of Madison county.

*Affirmed.*

The opinion states the case.

*Will A. Cook,* for the plaintiff in error.

*John R. Saunders,* Attorney General; *J. D. Hank, Jr.,* Assistant Attorney General, and *Leon M. Bazile, Second* Assistant Attorney General, for the Commonwealth.

BURKS, J., delivered the opinion of the court.

[1] The plaintiff in error, hereinafter called the accused, was convicted of unlawfully selling ardent spirits, and was sentenced to pay a fine of $50.00 and to be confined in jail for a term of thirty days. The indictment was framed under section 7 of the prohibition act (Acts 1918, chapter 388, page 578), and is what is called an "omnibus indictment." The defendant called for a bill of particulars, and it was given to him in the following language: "That the Commonwealth expected to prove that John S. Hale did, on the 19th of February, 1921, sell ardent spirits, as alleged in the indictment." The accused objected to the bill of particulars on the ground that it was insufficient and was no more definite than the indictment itself. In particular, it objected that the accused should have been informed "what sort of ardent spirits" the Commonwealth accused him of selling. The objection is without merit. The prohibition act itself defines the meaning of the term "ardent spirits" (Acts 1918, chapter 388, section 1), and he is charged with knowledge of such meaning. It was not necessary to be any more specific. Nor was it necessary to state to whom the ardent spirits were sold. (Acts 1918, chapter 388, section 60.) *Clopton* v. *Commonwealth,* 109 Va. 813, 63 S. E. 1022, and cases cited.

[2] It is further objected that the verdict was contrary to the law and the evidence, in that "what was sold was not one of the enumerated beverages mentioned in the statute, nor shown to contain more than one-half of one per cent of alcohol by volume; that the word "wine," as used in the statute, means one of the commercial brands of wine, and not one of the forms of beverage to which word "wine" is loosely applied. *State* v. *Dennison,* 85 W. Va. 261, 101 S. E. 458. While it is true that the accused testified in his own behalf that what he sold was "parsnip wine," and that

"if you drank enough of it, it might make you feel it," the purchaser, testified on behalf of the Commonwealth that the accused "sold him two glasses of liquor　＊　＊　＊　that he did not know what sort of liquor it was　＊　＊　＊　that he believed it was either corn whiskey or apple brandy; that he felt it; that he did not know the smell of corn whiskey, or apple brandy; that he did not know anything about white grape wine, dandelion wine, or parsnip wine; he had never drank any; that he was never intoxicated; that the liquor he drank was intoxicating." This was quite sufficient to sustain the verdict of the jury, without enquiring whether the various kinds of domestic concoctions which pass under the designation of "wine" are *per se* within the term of the statute. The judgment of the trial court will be affirmed.

*Affirmed.*