## STATE, Respondent, v. BURNS, Appellant.

### (195 N. W. 445.)

(File No. 5303.    Opinion filed October 18, 1923.)

1. **Intoxicating Liquors—Criminal Law—Carrying Liquor on Person Held an Offense; "Transportation of Intoxicating Liquor."**

    Where one carries intoxicating liquor in his pocket while being transported by a conveyance, or carries it on his person while walking from place to place, he violates Rev. Code 1919, Sec. 10303, penalizing the "transportation of intoxicating liquor" in any vehicle, or in any other manner.

2. **Criminal Law—Accomplices—Witnesses—In Prosecution of One Transporting Liquor, the Person Selling Liquor Not Accomplice.**

    In a prosecution for transporting intoxicating liquor, the person who sold the liquor to defendant is not an accomplice.

3. **Intoxicating Liquors—Evidence—Evidence Held to Sustain Conviction for Transporting.**

    Testimony of the person who sold defendant intoxicating liquor and of the person with whom defendant spent the rest of the night on which the sale was made, held sufficient to sustain a conviction for transporting.

4. **Intoxicating Liquors—Evidence—Evidence Held to Show that Liquor Was Intoxicating.**

    Evidence held sufficient to show that "moonshine" liquor was intoxicating.

Appeal from Circuit Court, Deuel County, Hon. J. H. Bottum, Judge.

L. A. Burns was convicted of transporting intoxicating liquor, and he appeals.    Affirmed.

*Hanten & Hanten* and *A. R. Henrikson,* all of Watertown, for Appellant.

*Buell F. Jones,* Attorney General, and *Benj. D. Mintener,* Assistant Attorney General, for Respondent.

(1) To point one of the opinion, Appellant cited: Rev. Code 1919, Sec. 10303; 23 Cyc. 174; Strong v. State (Ark.), 22 L. R. A. (N. S.) 560; Lott v. U. S., 205 Fed. 28, 46 L. R. A. (N. S.) 409; State v. Humphrey, 176 N. W. 39, 42 S. D. 512; State of Iowa v. Rhodes, 24 L. R. A. 245.

Respondent cited: Banks v. State, 188 Ind. 353, 123 N. E. 691; Poe v. State (Ind.), 130 N. E. 405; State v. Pope, 79 S. C. 87, 60 S. E. 234; Woolen & Thornton, Law of Intoxicating Liquors, Vol. 1, Sec. 245.

(2) To point two, Appellant cited: Rev. Code 1919, Sec. 4882; State v. Jones (Ia.), 88 N. W. 196; State v. Cowell (Ia.), 128 N. W. 836; State v. Duncan (Ia.), 138 N. W. 913; State v. Phillips, 18 S. D. 1.

Respondent cited: Crafton v. State (Ark.), 240 S. W. 11; Hagar v. State, 141 Ark. 419, 217 S. W. 461; Perrin et al v. State (Ark.), 240 S. W. 1073; Richardson v. State (Tex.), 228 S. W. 1094.

(3) To point three, Appelant cited: 23 Cyc. 265-6; 27 Cyc. 911.

Respondent cited: Haynes v. Hanrahan, 105 Mass. 480; 23 Cyc. 266.

GATES, J. The defendant was convicted of the crime of transporting intoxicating liquor from a point within Deuel county to another point in said county, in violation of section 10303, Rev. Code 1919. He appeals from the judgment and an order denying new trial.

The evidence tended to show that defendant and one Massey left Clear Lake in defendant's automobile about 8 p. m.; that they met one Strube at Altamont, and asked him if there was any "hootch" around; that Strube told him it could be obtained at the farm of Aasmussen; that all three of them went to that farm; that either defendant or Massey asked Aasmussen if he had anything to drink, and upon being informed that he had, asked the price; that Aasmussen said it was $5 a quart; that either defend-

ant or Massey said they wanted two quarts; that Massey handed Aasmussen a $20 bill, but Aasmussen was unable to make change; that defendant paid for the same by check; that Aasmussen delivered the two quarts to defendant; that after the greater part of one bottle was consumed the defendant, Massey, and Strube drove to the farm of one Smith; that after their departure Aasmussen saw nothing further of the liquor; that Smith came to the door in his night clothes, invited them into the house, lighted a lamp, and went into another room to dress; that when he returned there was a bottle of liquor standing on the floor, and all of the party proceeded to consume it; that Smith had no liquor on the premises before these men came to his place, and that the liquor was "moonshine" whisky.

[1]  It is first urged by appellant that there was insufficient evidence to show a transportation, because it is claimed that the statute refers to a physical means of conveyance other than the person of the offender.  It is asserted that if the offender carried the liquor in his pocket while being transported by a conveyance, or if the offender carried the liquor on his person, and walked from place to place, it would not constitute a violation of the statute.  Section 10303, Rev. Code 1919, says:

"It shall be unlawful for any person to carry or transport any intoxicating liquors, * * * in any wagon, buggy, automobile, automobile truck or other vehicle, or in any other manner, from any point in this state * * * to any point in this state, * * *."

Even if the word transported be given the limited meaning contended for, which we do not grant, yet, from the words "carry * * * in any other manner" it is entirely clear to us that either of the supposed methods of carrying would constitute a violation of said section.

[2, 3]  It is urged that the evidence was insufficient to prove the offense without the testimony of Massey, Strube, and Aasmussen, who, it is claimed, were accomplices.  Even if Massey and Strube were accomplices, neither Aasmussen nor Smith were such, and there was sufficient evidence without that of Massey and Strube to sustain the conviction.

[4]  It is urged that the evidence was insufficient to show that the liquor was intoxicating.  There is no merit in this point.

The other errors assigned have been carefully considered, but are not deemed deserving of discussion.

Finding no error in the record, the judgment and order appealed from are affirmed.

Note.—Reported in 195 N. W. 445. See, Headnote (1), American Key-Numbered Digest, Intoxicating liquors, Key-No. 138, 23 Cyc. 174; (2) Criminal law, Key-No. 507(1), 16 C. J. Sec. 1397 (1924 Anno.); (3) Intoxicating liquors, Key-No. 236(20), 23 Cyc. 274; (4) Intoxicating liquors, Key-No. 236(13), 23 Cyc. 265.

On sufficiency of evidence in prosecution for transporting intoxicating liquors, see note in 46 L. R. A. 420.