## STATE v. ROXIE TREMONT.[1]

October 3, 1924.

No. 24,020.

**Buyer of intoxicants not an accomplice.**

1. One who purchases intoxicating liquor from another unlawfully in possession of such liquor with intent to sell the same, does not thereby become an accomplice.

**"Moonshine" intoxicating.**

2. Evidence *held* sufficient to show that "moonshine" liquor was intoxicating, and contained more alcohol than the law permits in such beverages.

**Conviction sustained.**

3. There were no errors in the rulings upon the admissibility of evidence, and the proofs were sufficient to sustain the conviction.

[1]Reported in 200 N. W. 93.

Defendant was charged in the municipal court of Minneapolis with having in his possession a quantity of intoxicating liquor for sale, tried before C. L. Smith, J., who when the state rested denied defendant's motion to dismiss, and found him guilty as charged. From an order denying his motion for a new trial, defendant appealed. Affirmed.

*LeRoy Bowen,* for appellant.

*Neil M. Cronin,* City Attorney, and *L. W. Youngdahl,* Assistant City Attorney, for respondent.

QUINN, J.

Defendant was charged, tried and convicted, in the municipal court of Minneapolis, of having in his possession intoxicating liquor for sale, contrary to an ordinance of the city. From an order denying his motion for a new trial, this appeal was taken.

The cause was tried in December, 1923. There was but one witness, Laura Brown, who testified on behalf of the prosecution. She testified that she had purchased liquor from the defendant on several occasions; that she had been informed that if she wanted to get any liquor she could do so by calling 637 East Sixteenth street, Minneapolis, over the telephone; that she had done so several times and that when she did so the defendant was generally at the 'phone, but that one Chuck would bring the liquor to her; that on Sunday morning, two or three weeks before the trial, she called the place; that the defendant answered and she asked him if he had anything on hand and if he could bring her some; that he said all right, he would be over; that a little later he brought her a gallon of moonshine; that she paid him $5 for it; that she tasted the liquor and that it was moonshine; that she talked with him and that it was he whom she had conversed with over the 'phone. The defendant testified and denied each and all of the statements made by the witness Brown.

It is urged upon this appeal, first that there was a lack of corroboration of the witness Brown to warrant a conviction; second, that there was a lack of proof as to the character of the liquor; third, that defendant was not shown to have committed the offense;

fourth, that the court erred in its rulings upon the admissibility of evidence.

It is argued that the conviction was based solely upon the testimony of the witness Brown, and that it appears that she was an accomplice in the commission of the offense charged. We do not so read the record. She testified that on the Sunday morning in question she was at home in her apartments at 214 East Fourteenth street; that she then called the defendant at 637 East Sixteenth street in the city of Minneapolis; that he responded to the 'phone call, and she asked him "if he had anything on hand and if he could bring me some;" that he said all right he would be over; that he shortly after brought her a gallon of moonshine and that she paid him $5 for it.

The complaint charges that the accused did unlawfully have and keep in his possession a quantity of intoxicating liquor for sale, etc. The witness in no manner assisted him in such possession. She purchased the liquor and relieved him of its possession. She had no connection with, or interest in, the liquor until after she purchased it. At that moment he sold and ceased to longer have possession of the liquor. The mere purchase of liquor, unlawfully sold, does not constitute an offense nor does it connect the purchaser with its possession prior to the sale. The prosecuting witness was not an accomplice within the meaning of the statute. The ordinance under which this prosecution is brought is directed against the seller, not the purchaser. State v. Gesell, 137 Minn. 43, 162 N. W. 683; State v. Baden, 37 Minn. 212, 34 N. W. 24; State v. Quinlan, 40 Minn. 55, 41 N. W. 299.

The witness Laura Brown, while testifying, stated that she tasted the liquor which she purchased and received from the defendant, and that it was moonshine. It is urged, on behalf of the appellant, that such evidence is not sufficient to sustain a conviction of the offense charged. We do not concur in this contention.

While there is no testimony which, in express terms, stated the liquor in question contained one-half of one per cent or more of alcohol, there was proof that it was moonshine. It is common knowledge that moonshine, as the term is being used in common

parlance today, is as much or more intoxicating than is Bourbon or rye whiskey. In our opinion it requires no stretch of judicial notice to say, and we hold, that moonshine, as now used in common parlance, is an intoxicating beverage containing more alcohol than is legally permitted in such beverages. State v. Burns, 46 S. D. 579, 195 N. W. 445. As bearing upon the general proposition, see 2 Dunnell, Minn. Dig. § 4944; Albert v. United States (C. C. A.) 281 Fed. 511; Heitler v. United States (C. A. A.) 280 Fed. 703; Hale v. Commonwealth, 132 Va. 678, 111 S. E. 136; People v. Mueller, 56 Cal. 428, 143 Pac. 750; People v. Ellena, 56 Cal. App. 428, 205 Pac. 701; Vesely v. United States, 276 Fed. 693; Latta v. State (Okl. Cr. App.) 200 Pac. 551.

There is no merit in the contention that the court erred in its rulings upon the admissibility of evidence, or that the proofs are not sufficient to show that the defendant committed the offense of which he was adjudged guilty.

Affirmed.