STATE, Respondent, v. TURNER, Appellant.

(221 N. W. 251.)

(File No. 6274. Opinion filed October 6, 1928.)

See, also, 221 N. W. 253.

*Byrnes & Markey* and *Null & Royhl,* all of Huron, for Appellant.

*Buell F. Jones,* Attorney General, and *Bernard A. Brown,* Assistant Attorney General, for the State.

MORIARTY, C. The defendant, Charles Turner, was charged with the illegal transportation of intoxicating liquor from one point in Jerauld county to another point in the same county. He was found guilty by the verdict of a jury, and from the judgment entered upon said verdict, and from an order denying a new trial, this appeal is taken.

The state's evidence, upon which the verdict rests, is substantially as follows: W. Bayles testified that during September, 1925, he was employed in hauling gravel for highway work in Jerauld county. The gravel was being hauled by truck from the railroad track at Wessington Springs to certain bridges on a road west of that town. On or about September 11, 1925, this witness saw the defendant on a street of Wessington Springs. Witness asked defendant for a pint, and defendant said he did not have it there, but would get it. Witness said, "All right; I will go down and load up." Defendant said when witness had loaded up he (defendant) would meet witness with it "out on the hill." Charles Gottwalls was with witness. Bayles, accompanied by Gottwalls, loaded up and drove to a hill south of town. Defendant drove up behind them with a Ford car. Bayles got out of the truck, went to defendant's car, and defendant delivered the liquor to him. Witness tasted the liquor. He had drank intoxicating liquor before that time and from his experience in drinking intoxicating liquor and from the taste of this particular liquor delivered to him by defendant witness stated that this was intoxicating liquor. The liquor made witness a little dizzy and light-headed. He paid defendant $2 for this liquor. He got the liquor from defendant about 3 o'clock in the afternoon. He drank only a little of it at that time. Gottwalls drank a little of it, but not much. Witness drank most of it about 5 o'clock and became quite intoxicated. He had no other liquor that day.

Charles Gottwalls testified that he was working for Bayles during September, 1925, shoveling gravel and crushed rock and handling concrete and stone. In Wessington Springs on or about September 11, 1925, this witness heard Bayles ask the defendant for liquor and heard the defendant say he did not have it there but would get it for him. Witness was with Bayles when the latter drove to the top of the hill and stopped. Defendant drove up in a Ford car. Witness saw the liquor change hands and the money

paid to defendant. Defendant delivered the liquor to Bayles, and Bayles delivered the money to defendant. One pint of liquor was delivered at that time. Witness tasted the liquor. He had drank intoxicating liquor before that time. From his sense of taste and his experience in drinking intoxicating liquor witness stated that this liquor delivered by defendant to Bayles was intoxicating liquor.

The defendant's assignments of error raise but three questions which require discussion in this opinion, to wit: That the trial court erred in allowing C. Chris Gleim to assist the state's attorney of Jerauld county in the prosecution of the defendant; that the trial court erred in certain of its rulings on the admission and rejection of evidence; and that there is not evidence sufficient to sustain the verdict.

As to the appearance of Mr. Gleim as an assistant of the state's attorney: The record shows that at the commencement of the trial the defendant's attorney presented the following objection:

"At this time the defendant objects to the appearance of Mr. C. Chris Gleim as an attorney in the above-entitled action against Charles Turner, defendant, for the reason that Charles Turner has talked over the case for the above-entitled action with Mr. Gleim and has talked with him in a confidential manner and Mr. Gleim has now facts in his possession and to his knowledge which are detrimental to the defendant and has knowledge of facts which would make it unfair for him to appear as counsel for the state.

"The defendant further objects for the reason that Mr. Gleim is not a regularly appointed counsel and that counsel for the defense insist that he was to appear for the defendant in this matter of the state of South Dakota v. Charles Turner now on trial."

There was no affidavit or other showing offered to support this objection, and Mr. Gleim, replying thereto in open court, stated that he had not been hired by the defendant; that the only point discussed by them was whether Mr. Gleim would appear for the defendant; that the counsel told the defendant that the state's attorney had told him (Gleim) that he might want his assistance in the trial of the case and all statements should be deferred until he had learned whether he was to assist in the prosecution; and that there was no conversation between him and the defendant in which the merits of the defense or any facts or statements as to the case were discussed.

 The defendant had the burden of showing a state of facts which would render it improper for the attorney to assist in the prosecution. That burden was not sustained by a mere statement by defendant's counsel, the material allegations of which were denied by the attorney whose conduct was questioned.

A motion or objection of this kind should be supported by an affidavit or affidavits. Without such support the mere hearsay statement of objecting counsel would not justify the trial court in sustaining the objection, disregarding the denial of counsel who had personal knowledge of the facts. Under the state of facts alleged by Mr. Gleim the objection was properly overruled. State v. Lewis, 96 Iowa, 286, 65 N. W. 295.

 Appellant's contention as to errors in the rulings of the trial court is based upon the fact that the court allowed Bayles and Gottwalls to testify as to the payment of the money to defendant and as to their opinion that the liquor was intoxicating.

In an exhaustive and well-reasoned opinion the Circuit Court of Appeals has held that the testimony as to the payment of the price is relevant on the question of the character of the liquor. The opinion says that the clandestine nature of the transaction and the price paid are matters which the jury may consider as evidence of the nature of the liquor. Albert v. United States (C. C. A.) 281 F. 511.

 It is well established that witnesses familiar with intoxicating liquors may testify from their senses of taste and smell whether certain liquor is intoxicating. State v. Work, 47 S. D. 649, 201 N. W. 553; Territory v. Pratt, 6 Dak. 483, 43 N. W. 711; 33 C. J. p. 775, and numerous cases there cited; Woollen & Thornton, Law of Intoxicating Liquors, § 961; State v. Tremont, 160 Minn. 314, 200 N. W. 93; Albert v. United States, supra; Heitler v. United States (C. C. A.) 280 F. 703; Hale v. Commonwealth, 132 Va. 678, 111 S. E. 136; People v. Mueller, 168 Cal. 526, 143 P. 750; People v. Ellena, 56 Cal. App. 428, 205 P. 701; Latta v. State, 19 Okl. Cr. 441, 200 P. 551.

 Appellant's contention as to the insufficiency of the evidence rests wholly upon the assumption that the only evidence presented by the state was that of two witnesses, Bayles and Gottwalls, that these two men were accomplices of the defendant in the

offense charged, and that such evidence is insufficient to support a conviction without corroboration.

The evidence of Bayles is that he asked defendant to furnish him the liquor and that he purchased it from the defendant. But he did not dictate to defendant how the delivery was to be made. Defendant chose to let Bayles and Gottwalls see him transport the liquor. This did not make Bayles an accomplice in the transportation. Defendant's transportation terminated with the delivery to Bayles. If the latter transported it thereafter that constituted a new offense in which defendant had no part. But all the evidence shows that Gottwalls took no part in the transaction except to drink a little of the liquor after its delivery to Bayles. By no stretch of the imagination can Gottwalls be held to be an accomplice of the defendant. State v. Burns, 46 S. D. 579, 195 N. W. 445. The contention that the evidence is insufficient is entirely without merit.

Finding no error in the record, the judgment and order appealed from are affirmed.

BURCH, P. J., and POLLEY, SHERWOOD, and BROWN, JJ., concur.

CAMPBELL, J., not participating.