# LAW AND EQUITY COURT OF THE CITY OF RICHMOND

William Barrett

v.

Herbert A. Hutson

July 20, 1971

Case No. 2581

By JUDGE ALEX H. SANDS, JR.

Plaintiff, William Barrett, while at the wheel of a loaded fuel truck, stopped at a traffic light, was struck from behind by a vehicle operated by defendant. A jury trial resulted in a $600.00 verdict for plaintiff and the case is now before the court on plaintiff's motion to set aside the verdict on the grounds of inadequacy and to empanel a new jury for the purpose of assessing damages.

There is no issue of contributory negligence involved as the undisputed evidence is that plaintiff was free of fault. Plaintiff, moreover, introduced evidence supporting a claim of $415.00 medical expense and a claim of 10 weeks loss of income at $100.00 a week. Thus, plaintiff contends that he had proved out-of-pocket expenses of $1,415.00 and that the jury's award could have in no case been less than this amount.

The evidence is in direct conflict upon the question of the severity of the impact, plaintiff contending that the impact was sufficiently severe to throw him around in his cab thus causing the injuries complained of, while defendant contends that he had fully stopped and that a momentary removal of his foot from the foot brake had permitted his vehicle to "drift" into and "tap" plaintiff's truck. The physical evidence and that of the investigating police officer overwhelmingly supports defendant's theory. Photographs in evidence demonstrate only a slight crease

in the *top* of defendant's vehicle with absolutely no damage of any character to the front nor to the fender, grill or even the headlights. This is the officer's testimony and is borne out by photographs. The fact that plaintiff was operating a 1,600-ton oil truck at the time loaded with 5,400 lbs. of oil; the fact that there was no visible damage to the truck; the fact that according to the undisputed testimony that defendant's vehicle passed under the rear of the plaintiff's truck scraping the top of the hood of defendant's vehicle with no apparent forward contact with plaintiff's vehicle, could have given the jury considerable pause as to the severity of the impact.

While the jury was undoubtedly justified in having found that plaintiff sustained *some* injury (for plaintiff so testified and there was no evidence to the contrary), yet they were not so restricted in determining the *extent* of such injury. The physical facts would belie the plaintiff's version as to the manner in which he had been thrown around in the cab. Plaintiff suggests that the impact, even though slight, had probably shifted the position of the oil load which caused the truck to lurch forward. Again, however, the jury could have rejected this version.

That the jury are not compelled to accept as conclusive the testimony of an unimpeached witness has been a long recognized rule in this State. In *C. & O. v. Barger*, 112 Va. 688 (1911), the court said:

> The verdict shows that the jury disregarded, as they had the right to do, the expert opinion of Dr. Givens, and rested their finding upon the other evidence tending to sustain the plaintiff's theory. A jury is not bound to accept as conclusive the testimony even of an unimpeached witness.

> In *Clopton's Case*, 109 Va. 813, 63 S.E. 1022 [1909], this court, quoting from high authority, says:
> "The mere assertion of any witness does not of itself need to be believed, even though he is unimpeached in any manner, because to require such belief would be to give a quantitative and impersonal measure to testimony. . . The jury have the power to refuse their credit to parol testimony, and no action of the court

should control the exercise of their admitted right to weigh its credibility."

Especially is it true that a jury is not generally bound to accept the opinion of expert witnesses as conclusive. It considers the facts upon which the opinions are based and determines from all the evidence in the case whether the conclusions given by the witness are sound and substantial. Moore on Facts, vol. 1, secs. 105, 107.

Again, the jury were not forced to accept plaintiff's testimony or even that of his attending physician that the injury which plaintiff sustained required him to miss the amount of time from work claimed.

In view of the minimal damage to defendant's vehicle, the comparative weight of the two vehicles and particularly in view of the strong evidence that there was no front-to-rear contact between the front of defendant's vehicle and the rear of the truck but only a scraping along the top of the hood of defendant's vehicle, supporting the inference that the front of defendant's vehicle merely slid under the rear overhang of plaintiff's truck, the jury would have been justified had they found that the incident had caused no injury at all to plaintiff and to have found a verdict for defendant.

The jury may have accepted the fact that plaintiff was injured and that all of the medical expense was justified but that the loss of time from work was exaggerated and have allowed lost time upon the basis of what the jury felt to be reasonable. Or, again, they might have felt that Dr. White had "overtreated" plaintiff and that much of the service rendered was unnecessary in view of the injuries. It is not for the court to speculate as to what considerations may have influenced the jury's ultimate decision. Suffice it to say that the facts developed at the trial of this case do not bring it under any one of the categories reviewed in *Rawle v. McIlhenny*, 163 Va. 735 (1934), wherein the court would be justified in disturbing the verdict upon the ground that it was inadequate.

For the above reason, the plaintiff's motion to set aside the verdict will be overruled and judgment entered on the verdict.