## CIRCUIT COURT OF LOUDOUN COUNTY

Michael Socorso
and Eleanor Socorso

 v.

Robert Remuzzi

 Case No. (Law) 9731

Lisa Socorso

 v.

Robert Remuzzi

 Case No. (Law) 9733

Robert Remuzzi

 v.

Michael Socorso et al.

 Case No. (Law) 9734

By JUDGE THOMAS D. HORNE

March 23, 1989

Case Nos. (Law) 9731 and 9733

This case is before the Court on the Plaintiffs' Motion to Set Aside the Jury Verdict as Inadequate and to Enter Final Judgment for the Plaintiffs. A jury heard and decided the issues in these cases and returned verdicts as follows: (Law 9731) "We, the jury, on the issues, find in favor of the Plaintiffs (Michael and Eleanor Socorso) against the Defendant (Robert Remuzzi, M.D.) and assess their damages at $5,000.00." and (Law 9733) "We, the jury, on the issues, find in favor of the Plaintiff (Lisa Socorso) against the Defendant (Robert Remuzzi, M.D.) and assess her damages at $25,000.00."

This case was heard over several days and involved the testimony of a number of expert witnesses. The parties were ably represented by counsel.

While the jury, as the trier of fact in this case, was not free to arbitrarily disregard uncontradicted evidence of unimpeached witnesses, they were the ultimate arbiters of the weight and the credibility of the witnesses in the case. *Morris v. Royal Globe Insurance Company*, 230 Va. 498 (1986). The jury was so instructed as to their role in evaluating the testimony of any witness in Instruction No. 13. In addition, the Court instructed the jury on the weight to be given the testimony of experts and how they might consider such testimony in Instruction No. 11. The Court does not find that the jury exercised their right to weigh the testimony of the various witnesses in this case improperly or in such a manner as might justify a reversal of the damage awards in these cases. *See Chesapeake & Ohio R. Co. v. Barger*, 112 Va. 688 (1911).

The evidence does not warrant setting aside the damage award of the jury. As the Court, in *Chappell v. White*, 184 Va. 810, 819, 820 (1946), observed (as they quoted with favor the words of Judge Burks in *Dupont de Nemours & Co. v. Taylor*, 124 Va. 750 (1919)):

There is no measure of damages in cases of this kind and there has not yet been discovered any

standard by which to measure in dollar and cents the value of physical pain and suffering. It is a matter which must be left to the judgment and discretion of an impartial jury, and no mere difference of opinion of the trial judge, however decided, will justify an interference with their verdict, unless it appears from the record that the jury has been influenced by partiality or prejudice, or have been misled by some mistaken view of the merits of the case.

This was a case in which the sanctity of the jury verdict should not be disturbed.

Mr. McCormack may draw a final judgment order summarizing the incidents of trial and the jury verdicts in these cases, denying the Motion to Set Aside the Verdicts, and entering final judgment in accordance with the verdicts.

May 3, 1989

Case No. (Law) 9734

This matter came before the Court on the motion for sanctions filed by the Defendants pursuant to § 8.01-271.1, Code of Virginia, as amended. Upon the evidence before it, the Court cannot conclude that the *pro se* Plaintiff in this case, *at the time this action was initiated*, did so for an improper purpose or that the extent of the inquiry by the Plaintiff was unreasonable under the circumstances. It is to be noted that after the trial of the contested malpractice claim, this action was promptly non-suited. The Court believes that the lack of legal training on the part of the Plaintiff physician should be a consideration to be weighed with other factors when considering the reasonableness of inquiry underlying the initiation of the action. Were an attorney to have initiated the instant action against the attorney Defendants, there may have been a contra result as to an award of sanctions.

Mr. Blazer, having appeared on the issue of sanctions only in this case, may draw an order denying the motion for sanctions pursuant to § 8.01-271.1, Code of Virginia, as amended.