[Crim. No. 1858. In Bank.—October 5, 1914.]

## THE PEOPLE, Respondent, v. JOSEPH MUELLER, Appellant.

INTOXICATING LIQUORS—UNLAWFUL SALE UNDER WYLLIE ACT—NECESSARY ALLEGATIONS IN INFORMATION.—In a prosecution for the unlawful sale of wine in "no-license territory," under the provisions of the "Wyllie law" (Stats. 1911, p. 599), it is unnecessary to aver in the information that the wine contained one per cent or more, by volume, of alcohol.

ID.—CHARACTERISTICS OF WINE—JUDICIAL NOTICE.—The character of wine is so well known that a court will take judicial notice of the fact that it contains considerably more than one per cent, by volume, of alcohol, that it is intoxicating, and that it may be used as a beverage.

ID.—KINDS OF LIQUOR—EXPERT TESTIMONY—QUALIFICATION OF WITNESS.—A witness who testifies in such prosecution that he knows the difference between the taste of whiskey, wine, and brandy, is qualified to testify that he tasted the liquor sold by the defendant and that it was wine.

ID.—NO-LICENSE TERRITORY—JUDICIAL KNOWLEDGE—ADMISSION BY DEFENDANT.—Error in instructing the jury that the place where the liquor was sold was "no-license territory," within the meaning of the Wyllie law, is not prejudicial if the defendant himself testifies that the "town was dry" at the time of the sale there.

ID.—DEPOSITION TAKEN AT PRELIMINARY EXAMINATION —ADMISSIBILITY IN EVIDENCE AT TRIAL.—The deposition of the witness to whom the liquor was sold, taken at the preliminary examination, may be read in evidence at the trial, upon its being shown that subpoenas had been issued for the witness to the sheriffs of several counties and all returned unserved, and that the local sheriff had searched for the witness in other counties than his own but was unable to find him.

ID.—DILIGENCE IN PROCURING ABSENT WITNESS—DISCRETION OF TRIAL COURT.—The question whether or not sufficient diligence to procure the attendance of the witness in such case has been shown is a matter largely within the discretion of the trial court, and its action cannot be set aside on appeal unless an abuse of discretion is shown, that is, unless it appears that the evidence was · insufficient to support the finding of due diligence.

ID.—RECORD ON APPEAL—INSTRUCTIONS INADVERTENTLY OMITTED.—Alleged error in refusing to give instructions requested by the defendant cannot be considered on appeal, if the transcript does not contain such alleged requests, notwithstanding their omission may have been inadvertent.

APPEAL from a judgment of the Superior Court of Tehama County and from an order refusing a new trial. John F. Ellison, Judge.

The facts are stated in the opinion of the court.

Jas. T. Matlick, Jr., for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

SHAW, J.—The defendant was convicted of an unlawful sale of alcoholic liquors in a district which had been declared "no-license territory," under the provisions of the act generally known as the "Wyllie law." (Stats. 1911, p. 599.) His appeal is from the judgment of conviction and from an order denying a new trial.

Specifically, the charge against him was that he "did willfully and unlawfully sell alcoholic liquor, to wit: wine, to one Sam Stephens, within no-license territory, to wit: in the city of Red Bluff, in said county (Tehama), said wine not having been manufactured on the premises where the same was sold," etc.

Section 13 of the act declares it to be unlawful for any person, "within the boundaries of any no-license territory to sell, furnish, distribute or give away any alcoholic liquors, except as provided in section 16" thereof. It is not claimed that the case comes within any of the exceptions mentioned in section 16, and they need not be considered.

1. It was not necessary to aver that the wine alleged to have been sold contained one per cent, or more, by volume, of alcohol. The act forbids the sale of "alcoholic liquors" within "no-license territory." Section 21 reads thus: "The term 'alcoholic liquors,' as used in this act, shall include spirituous, vinous and malt liquors, and any other liquor or mixture of liquors which contains one per cent, by volume, or more, of alcohol, and which is not so mixed with other drugs as to prevent its use as a beverage."

Wine is a well known form of vinous liquor and it is common knowledge that it contains alcohol. It is an alcoholic liquor of the class described in the act as "vinous liquor." Its character is so well known that the court takes judicial notice of these qualities and also that it contains considerably more than one per cent, by volume, of alcohol, that it is intoxicating when taken into the stomach and that it may be used as a beverage. (Black on Intoxicating Liquors, sec. 5; 23 Cyc. 61.) We are not aware of any case holding specifically that judicial notice will be taken of the fact that ordinary wine contains more than one per cent of alcohol, but we do not doubt that it will. The fact itself may easily be ascertained by reference to any dictionary or treatise on the subject. (Cent. Dic.; Stand. Dic.; Webster's Dic.; Enc. Brit., vol. 29.) The designation of the liquor as "wine," therefore, is equivalent to a statement that it was a drinkable vinous liquor containing more than one per cent, by volume, of alcohol, and no further or more specific allegation was required. If there is any liquor known as "wine," containing less than one per cent, by volume, of alcohol, it is a fact so unusual and exceptional that it need not be contradicted in the information. It is unnecessary to determine whether or not such fact would be a defense, if proven, for there is no claim that the wine sold by the defendant did not contain more than one per cent of alcohol.

2. The witness, Montgomery, testified that he knew the difference between the taste of whiskey, wine, and brandy.

In effect, he said that he could distinguish the different kinds of alcoholic liquors by the taste. This was sufficient to qualify him as a witness to testify that he had tasted the liquor sold by the defendant and that it was wine. We do not mean to say that it was matter requiring an expert, or that it was necessary to show his qualifications, but if it was, he was qualified, under the testimony he gave.

3. The testimony of Stephens, to whom the liquor was sold, was regularly taken at the preliminary examination. This testimony was read at the trial, after the taking of evidence to show that Stephens could not with due diligence be found within the state, as provided in section 686 of the Penal Code. The defendant contends that due diligence was not shown by the evidence taken. It appeared from the evidence that the sheriff of the county had had a subpoena issued to him for Stephens, several weeks before the trial, and had searched for him, but was unable to find him; that other subpoenas had been issued to the sheriffs of Shasta, Butte, and Glenn counties, respectively, and had been returned not served; that two other subpoenas had been issued to other counties and returned without service, and that the county sheriff had searched for him in other counties than his own but that he was unable to find him, and that the returns of service on the subpoenas showed that no service had been made. The question whether or not sufficient diligence had been shown is a matter largely within the discretion of the trial court and its action cannot be set aside unless an abuse of discretion is shown, that is unless it appears that the evidence was insufficient to support the finding of due diligence. We are of the opinion that there was sufficient evidence in this case. (*People* v. *Lewandowski,* 143 Cal. 576, [77 Pac. 467]; *People* v. *Grill,* 151 Cal. 599, [91 Pac. 515]; *People* v. *Witty,* 138 Cal. 578, [72 Pac. 177]; *People* v. *Reilly,* 106 Cal. 650, [40 Pac. 13]; *Heintz* v. *Cooper,* 104 Cal. 670, [38 Pac. 511].)

4. Error is alleged with respect to the refusal of the court to give certain instructions asked by the defendant. The transcript certified to the court does not contain these alleged requests. Consequently we cannot take notice of the objection. Counsel claim that the omission to insert these in the transcript was inadvertent and that the identical instructions are set forth in the transcript in a companion case, numbered

1859, entitled *People* v. *Mueller, ante,* p. 521, [143 Pac. 748]. Whether these instructions are the same or not, we are not justified in considering them as a part of the record in this case.

5. The appellant claims that the court erred in instructing the jury that the city of Red Bluff is no-license territory within the meaning of the Wyllie law. It is not necessary to discuss this question here. For if it be admitted that the court cannot take judicial notice thereof, then the fact of its character as no-license territory is subject to proof by evidence, in the same manner as other facts of similar character. While the court excluded testimony on behalf of the prosecution on the subject because it ruled that it could take judicial notice of the fact, there was in truth no dispute on the subject during the trial, and the defendant himself testified, in effect, that Red Bluff was no-license territory. He did not declare this in technical language. He used the ordinary, but expressive, colloquial phrase that "the town was dry" at the time of the sale in question and that he kept his wine there, "after the town went dry." But there was no uncertainty as to his meaning, there was no objection that such testimony was incompetent evidence of the fact, nor any motion to strike it out. His entire examination showed that the fact was well known both to him and to his counsel. Under these circumstances, the declaration of the court that it would take judicial notice thereof and the instruction to the jury that it was no-license territory, could not have prejudiced the defendant in any substantial right and does not constitute sufficient ground for reversal, even if it were erroneous. There are no other objections deserving notice.

The judgment and order are affirmed.

Sloss, J., Henshaw, J., Lorigan, J., and Melvin, J., concurred.

Rehearing denied.