[Crim. No. 528. First Appellate District.—May 8, 1915.]

## THE PEOPLE, Respondent, v. ARTHUR CONLEY, Appellant.

CRIMINAL LAW—PIMPING—EXCESSIVE SENTENCE—ERRONEOUS JUDGMENT—CORRECTION ON APPEAL.—In a prosecution for the crime of pimping where the court imposed a term of imprisonment in excess of the maximum term fixed by the statute, the judgment was merely erroneous and not void, and may be corrected upon appeal, but the trial court had no power after the judgment was in process of execution to set it aside and pronounce a new judgment for a term within that provided by the statute.

ID.—ERRONEOUS JUDGMENT—EXCESSIVE PENALTY—VALID FOR LEGAL TERM.—In such a case the first judgment remained in force and was valid for such portion of the imprisonment specified therein which did not exceed the maximum term of imprisonment prescribed for the offense for which the defendant was convicted.

ID.—MOTION FOR NEW TRIAL—WHEN TOO LATE—DISMISSAL.—Where the defendant made no motion for a new trial at the time when the first judgment was pronounced, the proceedings of the court thereafter upon which it undertook to recall the defendant and set aside the original judgment being entirely void, the defendant at that time had no right to make a motion for a new trial and the court had no right or jurisdiction to entertain the same, either to grant or deny it, and an attempted appeal from an order made at that time denying such motion will be dismissed by the court, although no motion therefore has been made.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial. Frank H. Dunne, Judge.

The facts are stated in the opinion of the court.

A. S. Newburgh, for Appellant.

U. S. Webb, Attorney-General, John H. Riordan, Deputy Attorney-General, and Frank S. Guerena, Deputy Attorney-General, for Respondent.

THE COURT.—This is an appeal from a judgment in which the defendant was sentenced to imprisonment in the state prison for a term of four years after conviction of the crime of pimping.

The record shows that the verdict finding the defendant guilty was rendered on February 10, 1914, and that the cause was continued for judgment until February 24th; and that thereupon, a petition for probation being interposed, the case was continued until the tenth day of March, 1914, when the application for probation was denied and the above-mentioned judgment rendered. No motion for a new trial was made at that time and no appeal taken from that judgment, but on the ninth day of April, 1915, the court being in some manner advised that it had exceeded its duty in imposing a sentence upon the defendant of four years in the state prison, whereas the maximum term for which the defendant could have been sentenced was three years, undertook to recall the defendant from the state prison where he had been sent, and thereupon undertook to modify or set aside the first judgment which had been rendered and to resentence the defendant. The record shows that on the fourteenth day of April a so-called judgment was entered, sentencing the defendant to the state prison for a term within that provided by the statute. At that time the defendant made a motion for a new trial and undertook to take this appeal, and the matter comes up upon the record as thus presented.

In our view of the case we do not think it is either necessary or proper at this time to consider the sufficiency of the evidence upon which the defendant was convicted. The defendant here claims that the first judgment was void, and that the court having set it aside and undertaken to sentence the defendant again, the action of the court in so doing was taken after the time when the statute provides that the defendant may be sentenced after verdict, and that, therefore, upon the authority of the case of *Rankin* v. *Superior Court,* 157 Cal. 189, [106 Pac. 718], there is nothing for this court to do but to grant a new trial. This court however, takes the view that the first judgment rendered by the court on the fourteenth day of April, 1914, was not void, but was simply an erroneous judgment. This court has decided that when the term imposed is in excess of the maximum fixed by the statute it is merely erroneous and is not a void judgment. It was so held in *People* v. *Oliver,* 7 Cal. App. 601, [95 Pac. 172]. The supreme court has held that when the judgment is simply erroneous and not void it may be corrected upon appeal, but that the trial court, after the sentence has been imposed and the

commitment issued and the judgment is in process of execution, has no power to recall such an erroneous judgment and pronounce a new judgment. This court, in the case of *In re Sullivan,* 3 Cal. App. 193, [84 Pac. 781], decided in the second appellate district, expressly held that where a judgment, although erroneous, has been pronounced, and a commitment issued, which judgment is valid in part, and where the execution of the judgment has been entered upon, the court has no jurisdiction thereafter to vacate the judgment and render another and different judgment. The supreme court has also decided, in cases where an application has been made for a writ of *habeas corpus* by defendants who have been sentenced to a term longer than the maximum prescribed by the statute for the offense in question, that the application for a writ will be denied until such time as the defendant has served the term for which he should have been sentenced under the statute, and that after that period has elapsed but not sooner he may successfully apply for the writ.

If the original judgment in this case was merely an erroneous judgment, and if the court under those circumstances had no power to enter an order recalling or setting aside that judgment, it follows of course that the judgment which the court did latterly enter and which has been appealed from must be reversed.

As to the appeal from the order made at the same time denying the defendant's motion for a new trial, a different situation is presented. As has been stated, the defendant made no motion for a new trial at the time when the only judgment in this case was pronounced, to wit, the first judgment. That being so, his time and right to make a motion for a new trial has long since expired. The proceedings of the court at the time it undertook to recall the defendant and to set aside the original judgment being entirely void, the defendant at that time had no right to make a motion for a new trial, and the court had no right nor jurisdiction to entertain the same, either to grant or deny it. Nor had the defendant, having allowed his time to move for a new trial to pass, any right to an appeal from any order denying a new trial which the court might have made at that time without jurisdiction to make the same. Under similar circumstances this court has held that the proper procedure is to dismiss the appeal from the order denying defendant's motion

for a new trial. Had a motion to dismiss such appeal been made it would of course have been granted, and although such motion has not been made, still under such circumstances this court has the right of its own motion to dismiss an appeal which a defendant has taken after his time to take such appeal has expired.

The judgment appealed from in the case will be reversed and the defendant's appeal from the order denying a new trial will be dismissed.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on July 1, 1915, and the following opinion then rendered thereon:

THE COURT.—The application for hearing in this court after decision in the district court of appeal for the first appellate district is denied.

It appears to be urged in the petition that the opinion of the district court of appeal is uncertain as to which of the two judgments referred to therein is void. This contention is based in the sentence reading as follows:

"This court, however, takes the view that the first judgment rendered by the court on the 14th of April, 1914, was not void, but was simply an erroneous judgment."

The opinion as a whole clearly shows that the date therein specified,—namely, "14th of April, 1914," was a clerical error in that opinion, and that the judgment declared to be "not void" was the first judgment pronounced,—namely, that pronounced on March 10, 1914. We concur entirely in the views of the district court of appeal in this regard. *Ex parte Gilmore,* 71 Cal. 624, [12 Pac. 800], relied on by defendant, is not in point. There the first judgment was absolutely void, and the court which rendered the same, as this court stated, had power to call the prisoner before it, vacate the *illegal* sentence and impose one in accordance with law. Petitioner expresses some doubt as to the effect of the decision of the district court of appeal in so far as the defendant is concerned. The effect of the opinion is clear enough. The judgment of March 10, 1914, remains in force as the only judgment in the case, valid for such portion of the imprisonment specified therein as does not exceed the maximum term of imprisonment prescribed for the offense for which the defendant was convicted.