[Crim. No. 830. Second Appellate District, Division One.—February 14, 1922.]

THE PEOPLE, Respondent, v. JOHN ELLENA, Appellant.

[1] INTOXICATING LIQUORS—VIOLATION OF COUNTY ORDINANCE—SUF-FICIENCY OF INFORMATION.—An information charging a defendant with the violation of a county liquor ordinance in that he, at a specified time and place, sold, furnished, and delivered intoxicating liquor, to wit, wine, contrary to the ordinance, the number and title of which are stated, contrary to the form, force, and effect of *the statute* in such cases made and provided, is sufficient to fully acquaint the defendant of the charge upon which he is to be tried, notwithstanding the erroneous use of the word "statute" instead of "ordinance."

[2] ID.—WINE—ALCOHOLIC CONTENT—JUDICIAL NOTICE—EXPERT TES-TIMONY.—A court will take judicial notice of the fact that wine contains alcohol in varying quantity, and a witness partaking of the same and knowing the taste thereof is qualified to testify to its character as wine.

[3] ID.—MAXIMUM PRISON TERM—VOID JUDGMENT.—Where a county liquor ordinance provides a maximum period of imprisonment of seven months, a judgment providing for a fine of six hundred dollars, as provided by the ordinance and, in default thereof, that defendant be imprisoned in the county jail one day for each two dollars of said fine, is void in so far as it adjudges that in case of default in payment of the fine the defendant should be imprisoned for a term in excess of that fixed as a maximum penalty for the offense.

APPEAL from a judgment of the Superior Court of San Bernardino County. J. W. Curtis, Judge. Affirmed in part; reversed in part.

The facts are stated in the opinion of the court.

Jesse R. Shafer and A. S. Maloney for Appellant.

U. S. Webb, Attorney-General, Arthur Keetch, Deputy Attorney-General, and John W. Altman for Respondent.

SHAW, J.—Upon an information charging him therewith, defendant was convicted of the violation of an ordinance of

2. Judicial notice of intoxicating character of liquors, note, 12 Am. St. Rep. 353.

San Bernardino County which made it unlawful for any person within said county, outside of municipal corporations, to sell, offer for sale, deliver, or give to another intoxicating liquor of any kind or in any quantity whatsoever, subject to certain exceptions not here involved. The ordinance defined the term "intoxicating liquor," as used therein, to include any and all spirituous, vinous, and malt liquors, without regard to alcoholic content; and further provides that any person violating any of the provisions of the ordinance shall be guilty of a misdemeanor and upon conviction thereof shall be punished by a fine not exceeding $600, or by imprisonment in the county jail of San Bernardino County for not more than seven months, or be punished by both such fine and imprisonment.

Upon trial defendant was convicted, as charged in the information, of the sale and delivery of wine, contrary to the provisions of the ordinance, and thereupon it was adjudged "that the said John Ellena be punished by payment of a fine of $600 and, in default thereof, by imprisonment in the county jail of the county of San Bernardino, one day for each $2 of said fine." From this judgment he has appealed.

[1] His first contention is that the information fails to state facts sufficient to constitute a public offense. While, due to typographical errors or otherwise, the information is defective, nevertheless it is clearly sufficient to apprise defendant of the fact that he was charged with a violation of the ordinance in that he, at a specified time and place, had sold, furnished, and delivered intoxicating liquor, to wit, wine, contrary to the ordinance, the number and title of which was stated; all of which it is alleged in the information was contrary to the form, force and effect of *the statute* in such cases made and provided. Of course, the offense charged was not contrary to the statute, but in violation of the ordinance. In no event could the alleged defects in the information have misled defendant or have resulted in any prejudice to him. Hence, under section 4½ of article VI of the constitution, we must hold appellant's contention upon this point without merit.

[2] It is next insisted that the evidence is insufficient to support the verdict. It appears the wine was sold and delivered by the defendant on January 5, 1921, and that no

analysis thereof was made until about March 26th following, at which time, as shown by the analysis, it contained from seven to thirteen per cent alcohol. Appellant's contention is that at the time of its purchase it may have been unfermented grape juice from which there was an absence of alcoholic content. Omitting, however, all reference to the testimony as to the analysis made of the beverage, there was sufficient evidence upon which the jury were entitled to base their verdict of guilty. The purchaser thereof and another with him at the time of the purchase tasted the contents of the containers and testified that they knew the taste of wine and that the beverage so purchased and delivered to them was wine, the character of which, as said in *People* v. *Mueller,* 168 Cal. 526 [143 Pac. 750], is so well known that a court will take judicial notice of the fact that it contains alcohol in varying quantity, and that a witness partaking of the same and knowing the taste thereof is qualified to testify to its character as wine.

It is further insisted that the evidence fails to show the offense to have been committed in San Bernardino County and outside of a municipal corporation. There is no merit in this contention, since it appears that the wine was purchased at defendant's home near Etiwanda, in San Bernardino County, which place was not an incorporated city or town.

[3] Lastly, it is insisted that the judgment was excessive in that it provided for a fine of $600 as provided by the ordinance and, in default thereof, that defendant be imprisoned in the county jail one day for each two dollars of said fine, the effect of which was, unless the fine be paid, to subject defendant to imprisonment for a term of 300 days, whereas under the provisions of the ordinance the power to imprison defendant was limited to not more than seven months. Section 1205 of the Penal Code provides that "A judgment that the defendant pay a fine may also direct that he be imprisoned until the fine be satisfied. But the judgment must specify the extent of the imprisonment, which must not exceed one day for every two dollars of the fine, nor extend in any case beyond the term for which the defendant might be sentenced to imprisonment for the offense of which he has been convicted." And in *People* v. *Pera,* 36 Cal. App. 292 [171 Pac. 1091], which was a similar case

involving a like question, the court held that the judgment, in so far as it imposed the imprisonment, was void for the reason that the imprisonment imposed was for a term in excess of that fixed as a penalty for the offense.  The limit of imprisonment under the ordinance was 210 days, notwithstanding which- fact the sentence, upon default in payment of the fine, was 300 days.  Hence it follows that the court, under the ordinance, had no power to render a judgment whereby defendant was sentenced, in default of payment of the fine, to serve 300 days in jail.

From what is said it follows that, in the opinion of the court, the information, though irregular in form, was sufficient to fully acquaint defendant of the charge upon which he was to be tried; that the evidence was sufficient to justify the verdict; that the judgment, in so far as it imposed the fine of $600, was regular and valid, but, in so far as it adjudges that in case of default in payment of the fine, defendant should be imprisoned for 300 days, it is void.  It is, therefore, ordered that that part of the judgment providing that defendant, in default in the payment of the fine imposed, be imprisoned in the county jail of the county of San Bernardino one day for each two dollars of said fine, be reversed and annulled; otherwise the judgment is affirmed.  (*People* v. *Pera, supra.*)

Conrey, P. J., and James, J., concurred.