[Crim. No. 622. Third Appellate District.—June 30, 1922.]

## THE PEOPLE, Respondent, v. S. BASSETTI, Appellant.

[1] INTOXICATING LIQUORS—VIOLATION OF WYLLIE LAW—SUFFICIENCY OF INDICTMENT.—A violation of the "Wyllie Law" (Stats. 1911, p. 599) is sufficiently set forth where the indictment charges that the defendant on a given date, in a designated county, "within the boundaries of the first supervisor district of said county," did "willfully and unlawfully keep and conduct a place where alcoholic liquor was sold, served and distributed, and did then and there willfully and unlawfully keep and conduct a place where alcoholic liquor was kept for the purpose of sale and distribution; said supervisor district being then and there no-license territory under the laws of the state of California."

[2] ID.—ALCOHOLIC CONTENTS OF WINE—EXPERT EVIDENCE.—In a prosecution for a violation of the "Wyllie Law," expert evidence of the alcoholic contents of wine purchased by the witnesses from the defendant is not required.

[3] ID.—FORM OF JUDGMENT—UNAUTHORIZED CHANGE BY CLERK—WANT OF PREJUDICE.—The clerk having originally entered a judgment in which the nature of the crime against the defendant was stated to be a "violation of Mendocino County ordinance #210," the irregularity of the conduct of the clerk in thereafter, without any order of court therefor having been made and without notice to defendant's counsel, erasing that statement of the crime and substituting therefor the words "maintaining a place where intoxicating liquor is kept for sale and distribution," did not constitute such a violation of the defendant's rights as to necessitate a

reversal of the judgment, the defendant not having been prejudiced in any way by such conduct, and the judgment as thus changed having been in proper form.

APPEAL from a judgment of the Superior Court of Mendocino County. H. L. Preston, Judge. Affirmed.

The facts are stated in the opinion of the court.

M. H. Iversen and Charles Kasch for Appellant.

U. S. Webb, Attorney-General, and J. Charles° Jones, Deputy Attorney-General, for Respondent.

BURNETT, J.—[1] Defendant was convicted under an indictment charging that on the thirteenth day of July, 1921, in the county of Mendocino, "within the boundaries of the first supervisor district of said county and outside the corporate limits of any incorporated city or town," he did "willfully and unlawfully keep and conduct a place where alcoholic liquor was sold, served and distributed, and did then and there willfully and unlawfully keep and conduct a place where alcoholic liquor was kept for the purpose of sale and distribution; said supervisor district being then and there no-license territory under the laws of the state of California." The indictment contained a second count charging that on said date he sold alcoholic liquor to two certain individuals, naming them, but he was acquitted on this particular charge.

In his opening brief appellant attacks the sufficiency of the indictment, but we understand that he has abandoned that position. At any rate, the charge upon which he was convicted was sufficiently set forth within the requirement of the statute known as the "Wyllie Law." (Stats. 1911, p. 599; *People* v. *Williams*, 29 Cal. App. 552 [156 Pac. 882]; *People* v. *Mueller*, 168 Cal. 526 [143 Pac. 750]; *State* v. *Busick*, 90 Or. 466 [177 Pac. 64]; *People* v. *Strickler*, 25 Cal. App. 60 [142 Pac. 1121].)

We perceive no merit in the claim that the evidence failed to sustain the charge. It was stipulated that "Mr. Bassetti's residence was during the year 1921 in the first supervisorial district of Mendocino County and outside the incorporated limits of any city or town and that the first

supervisorial district of said county was at all times during the year 1921 no-licensed territory under the laws of the state of California.'' As to the sale of prohibited liquor by the defendant the proof was ample. The testimony shows clearly that on said July 13th a Mr. Wolfe purchased two bottles of wine, and Mr. Ganter and Mr. Snyder purchased a jug of ''jackass.'' This liquor was analyzed by one R. L. Love, a chemist for the internal revenue department of the United States, and he testified that it contained ''12 and 26 per cent alcohol by volume.'' Appellant seeks to discredit this witness, but there is nothing inherently improbable in his testimony. His veracity and the weight to be accorded his declarations were considerations for the jury. As to the identity of the liquor and that it had not been tampered with after having been purchased from the defendant, the evidence is entirely satisfactory. [2] We may add that several witnesses testified to having purchased wine of the defendant, and while there was no expert evidence of the alcoholic contents of such wine, that character of proof is not required. (*People* v. *Mueller, supra.*) Moreover, some of them testified the wine was intoxicating. Indeed, the record contains more ample evidence of guilt than is usual in this class of cases.

The cause was on the May calendar of this court for argument, but on the statement of counsel for appellant that the record was incomplete and inaccurate, the matter was continued to the June calendar. In the meantime appellant was permitted to file a supplemental transcript containing a bill of exceptions signed by the trial judge. There may be some question, as suggested by the attorney-general, whether this proceeding was regular, but we have concluded to regard the bill of exceptions as a part of the record on appeal. Therein it appears that the clerk of the superior court of the county of Mendocino, subsequent to the pronouncement of judgment in the above matter, and on the seventh day of February, 1922, prepared and entered a judgment and certified the same to be a true and correct copy of the judgment actually rendered by the court; that thereafter, on or about the twenty-eighth day of February, 1922, said clerk ''removed, destroyed, tore up and obliterated the said judgment and in lieu thereof made and entered a new judgment in words and figures as shown

in the original clerk's transcript now on file in the office of the clerk'' of this court.

"That subsequent to the making of the judgment hereinabove set forth in detail, and prior to the making of an entry of the judgment now of record and set forth in the original transcript as aforesaid, no order of court was made or entered by the Superior Court of the state of California by and for the county of Mendocino or by the District Court of Appeal aforesaid, or any other court, authorizing or ordering or directing the clerk of the Superior Court of said Mendocino County to efface or destroy or obliterate the judgment heretofore set forth in detail, or to prepare or enter or file in said matter, a judgment, a copy of which now appears in the original clerk's transcript and filed in the office of the Clerk of the District Court aforesaid and that the defendant above named, or his counsel, had no notice of an application to enter a new or different judgment, until the same had been made and entered as aforesaid.''

The entry of the judgment, as originally made, was as follows:

"The District Attorney, with the defendant and his counsel, Charles Kasch, came into court. The defendant was duly informed by the court of the nature of the indictment filed against him for the crime of misdemeanor, to-wit: violation of Mendocino County ordinance #210 committed on or about the 13th day of July, 1921, of his arraignment and plea of 'not guilty as charged in the indictment,' of his trial and the verdict of the jury on the 7th day of February, 1922, 'guilty as charged in the indictment.' S. Bassetti, the defendant, was then asked by the court if he had any legal cause to show why judgment should not be pronounced against him to which he replied that he had none. And no sufficient cause being shown or appearing to the court, thereupon the court rendered its judgment; That whereas the said S. Bassetti having been duly convicted in this county of the crime of misdemeanor, to-wit: violation of Mendocino County ordinance #210. It is further ordered, adjudged and decreed that the said S. Bassetti is guilty of the crime of misdemeanor and that he be punished by paying a fine of five hundred ($500) dollars and that he be punished by imprisonment in the

county jail of the county of Mendocino in the State of California, for the term of four months.''

The change made by the clerk was in erasing the words: ''violation of Mendocino county ordinance #210'' and substituting therefor the following: ''maintaining a place where intoxicating liquor is kept for sale and distribution.''

[3] The question is whether the conduct of the clerk in thus irregularly changing the record constitutes such violation of the defendant's rights as to necessitate a reversal of the judgment. And the determination of that question must, of course, be influenced by the consideration whether said irregularity has resulted in a substantial wrong to the defendant.

While the Penal Code, section 1200, prescribes no particular form for the judgment (*People* v. *Terrill,* 133 Cal. 120 [65 Pac. 303]), it does provide: ''When the defendant appears for judgment he must be informed by the court, or by the clerk under its direction, of the nature of the charge against him and of his plea and the verdict, if any thereon, and must be asked whether he has any legal cause to show why judgment should not be pronounced against him.'' It is to be observed that the court complied with this requirement in every respect except that the trial judge made a mistake in stating that the offense constituted a violation of a certain ordinance of said county. It was probably an inadvertence or it may be that said Ordinance No. 210 contains the same provisions and imposes the same penalties as the state law and the court mistakenly supposed that the indictment was drawn under this ordinance. But how could the mistake have resulted in any prejudice to the defendant? He had a copy of the indictment; he could not be misled as to the nature of the charge against him; he knew for what he was being tried and that the verdict of the jury was that he was guilty of the charge contained in count one of the indictment. Under such circumstances he was not deceived or prejudiced by the mistake of the trial judge. Indeed, if any misapprehension was caused to him or his counsel, he should have directed the attention of the trial judge to the error that it might be corrected. Not only was the defendant not misled, but it is quite apparent that the mistake would not prevent him from successfully urging the plea of a former convic-

tion should he be prosecuted again for the same offense as is charged in the indictment herein. (*In the Matter of Ring*, 28 Cal. 252.)

Even if we were to consider the irregularity of sufficient gravity to justify a reversal of the judgment we would direct the trial court to resentence the defendant, correcting said mistake. (*People* v. *Johnson*, 71 Cal. 384 [12 Pac. 261]; *People* v. *Sama* (Cal.), 207 Pac. 893; *People* v. *Tomsky*, 20 Cal. App. 672 [130 Pac. 184].)

But since the judgment is in proper form, it would be an idle thing to send the case back to have the trial judge inform the defendant of something he already knows and to impose upon him the same penalty that has already been pronounced.

We may add that the following citations are indicative of the proper view of said irregularity: *People* v. *Gregory*, 8 Cal. App. 738 [97 Pac. 912]; *Ex parte Murray*, 43 Cal. 455; *People* v. *Sam Lung*, 70 Cal. 515 [11 Pac. 673]; *People* v. *Eppinger*, 109 Cal. 294 [41 Pac. 1037]; *People* v. *Terrill, supra; State* v. *Cook*, 92 Iowa, 483 [61 N. W. 185]; *Pointer* v. *United States*, 151 U. S. 396 [38 L. Ed. 208, 14 Sup. Ct. Rep. 410]; *White* v. *United States*, 164 U. S. 102 [41 L. Ed. 365, 17 Sup. Ct. Rep. 38, see, also, Rose's U. S. Notes]; secs. 1404 and 1258, Pen. Code; art. VI, sec. 4½, Const.

In conclusion, it may be stated that the defendant was fairly tried and justly convicted. The instructions were complete and accurate and there was no dispute of the material facts to which the witnesses for the people testified.

The judgment is affirmed.

Finch, P. J., and Hart, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on July 31, 1922, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 28, 1922.

All the Justices present concurred.

Richards, J., *pro tem.*, and Myers, J., *pro tem.*, were acting.