[Crim. No. 1081. Second Appellate District, Division One.—May 29, 1924.]

## THE PEOPLE, Respondent, v. ROBERT GRAY, Appellant.

[1] CRIMINAL LAW—INTOXICATING LIQUORS—VIOLATION OF WRIGHT ACT—CHARACTER OF LIQUORS PURCHASED—EVIDENCE.—In a prosecution for violation of the Wright Act, the testimony of two witnesses to the effect that they tasted the liquor sold by defendant to one of them and that said liquor was whisky was sufficient to meet the objections made by the defendant to the effect that the evidence failed to show that the liquor sold was fit for beverage purposes and that it failed to show that the liquor was intoxicating.

[2] ID.—WHAT IS WHISKY—JUDICIAL NOTICE.—When the issue before the court is as to whether or not a particular liquor is whisky, the court will take judicial notice that whisky is an alcoholic liquor, that it is intoxicating and may be used as a beverage.

[3] ID.—ADMISSION OF BOTTLE AND CONTENTS—EVIDENCE—FAILURE TO OBJECT—WAIVER.—In such prosecution, as the defendant made no objection to the introduction in evidence of a bottle of liquor and its contents after it had been shown that such bottle, with its contents, was the same bottle of liquor purchased by a witness from the defendant and by him delivered to the district attorney's office, defendant cannot complain on appeal of its admission against him; and had it been admitted over his objection, the action of the trial court would not have been error for the reason that defendant's criticism against the custom employed in the district

---

1. See 14 Cal. Jur. 751.

2. Judicial notice of what liquors are intoxicating, notes, 12 Am. St. Rep. 353; Ann. Cas. 1914C, 874. See, also, 14 Cal. Jur. 752; 15 R. C. L. 1132.

3. See 2 Cal. Jur. 234; 8 Cal. Jur. 240; 2 R. C. L. 69, 90; 26 R. C. L. 1044.

attorney's office in storing and keeping liquors purchased of alleged offenders against the Wright Act and kept for the purpose of being used in evidence in prosecutions under said act goes, not to the legality, but only to the weight of such evidence.

[4] ID.—JUDGMENT OF CONVICTION—EVIDENCE.—In such prosecution, the evidence was sufficient to support the judgment of conviction.

[5] ID.—SECOND OFFENSE OF SELLING LIQUOR—SENTENCE—FAILURE TO IMPOSE FINE—SENTENCE CANNOT BE QUESTIONED BY DEFENDANT.— A defendant who is found guilty of a second offense of selling intoxicating liquor in violation of the Wright Act cannot question a judgment sentencing him to nine months' imprisonment in the county jail but failing to impose upon him any fine whatever, as such a judgment is in his favor because in order to meet the requirements of the act, a valid judgment against a defendant found guilty of a second offense thereunder should provide for a fine of not less than two hundred dollars in addition to the sentence of imprisonment.

(1) 33 C. J., p. 774, secs. 526 (Anno.), 527. (2) 33 C. J., p. 496, sec. 17, p. 498, sec. 17. (3) 17 C. J., p. 319, sec. 3662 (Anno.); 33 C. J., p. 801, sec. 559. (4) 33 C. J., p. 764, sec. 510. (5) 17 C. J., p. 362, sec. 3732; 33 C. J., p. 801, sec. 560.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial. Edwin F. Hahn, Judge. Affirmed.

The facts are stated in the opinion of the court.

Stanley Visel for Appellant.

U. S. Webb, Attorney-General, John W. Maltman, Deputy Attorney-General, and J. L. Flynn for Respondent.

CURTIS, J.—The defendant was charged by information with a violation of the Wright Act (Stats. 1921, p. 79), so called, and a prior conviction thereof. He was found guilty as charged in the information and sentenced to imprisonment in the county jail for the period of nine months. On appeal to this court he attacks the judgment upon two grounds: First, that the evidence was not sufficient to support the verdict; second, that the court exceeded its authority in imposing upon him the sentence of nine months' imprisonment in the county jail.

In contending that the evidence is insufficient to support the verdict, the appellant specifies three particulars in which he claims that the evidence is lacking. They are that the liquor which the evidence shows was sold by the defendant was not shown to have been fit for beverage purposes, nor was it shown to have been intoxicating, and that, to use the expression employed by appellant's counsel in his brief, "the integrity of the evidence is not good." The evidence introduced on behalf of the prosecution was to the effect that one McMillan bought from the defendant two pint bottles of whisky, paying him for the same the sum of five dollars. McMillan, the evidence shows, went to the defendant's car and asked the defendant for whisky, and upon this request being made to him the defendant produced the two pint bottles and delivered them to McMillan. One of these bottles of liquor was consumed shortly after its purchase, and McMillan, after tasting the contents of the second bottle, turned it over to the district attorney's office of Los Angeles County on the following day. McMillan testified that the bottle, the contents of which he tasted, contained whisky. A Mr. Langdon, another witness, testified regarding the purchase of the liquor substantially as did the witness McMillan. He further testified that he tasted the contents of each of the two bottles of liquor sold by the defendant and that the contents of each bottle was whisky. [1] This evidence completely answers the two objections made by the appellant to the effect that the evidence failed to show that the liquor sold was fit for beverage purposes and that it failed to show that the liquor was intoxicating. In *People* v. *Mueller,* 168 Cal. 526–528 [L. R. A. 1915B, 788, 143 Pac. 748], it was held that the court takes judicial notice that wine is an alcoholic liquor, that it is intoxicating and may be used as a beverage. [2] The same rule would apply when the issue before the court is as to whether or not a particular liquor is whisky. (Black on Intoxicating Liquors, sec. 5; 17 Am. & Eng. Ency. of Law, p. 198; see, also, *People* v. *Allen,* 37 Cal. App. 180 [174 Pac. 374]; *People* v. *Ellena,* 56 Cal. App. 428 [205 Pac. 701].) [3] Upon the trial a bottle of liquor was introduced in evidence by the prosecution, after it had been shown that this bottle, with its contents, was the same bottle of liquor purchased by McMillan from the defendant and by him delivered to the district attorney's office. Appellant criticises the cus-

tom employed in the district attorney's office in storing and keeping liquors purchased of alleged offenders against the Wright Act and kept for the purpose of being used in evidence in prosecutions under said act. As the defendant made no objection to the introduction in evidence of the bottle and its contents, he cannot now complain of its admission against him. Had it been admitted over his objection, the action of the court would not have been error for the reason that appellant's criticism goes, not to the legality, but only to the weight of such evidence. Under these circumstances, we are not disposed to question the integrity of the evidence upon which defendant was convicted. [4] In our opinion, it was sufficient to support the judgment.

[5] Under the provisions of the National Prohibition Act (the Volstead Act), as made applicable to the state of California by the Wright Act, any person who sells liquor contrary to the provisions of the statute, for the first offense, is punishable by a fine not exceeding one thousand dollars, or imprisonment not exceeding six months; and for a second or subsequent offense, by a fine of not less than two hundred dollars nor more than two thousand dollars, and by imprisonment for not less than one month nor more than five years. Defendant was found guilty of a second offense under this statute and the court sentenced him to nine months' imprisonment in the county jail, but failed to impose upon him any fine whatever. It is conceded by the attorney-general, as well as by appellant, that in order to meet the requirements of this statute, a valid judgment against a defendant found guilty of a second offense thereunder should provide for a fine of not less than two hundred dollars, in addition to the sentence of imprisonment. Defendant now asks that the judgment in this case, for its failure to impose a fine against him of at least two hundred dollars, be either reversed or the cause returned to the trial court for the entry of a proper judgment. This error in the judgment, being one in favor of appellant, he cannot question the judgment. (*In re Reed,* 143 Cal. 634, 635 [101 Am. St. Rep. 138, 77 Pac. 660]; *People* v. *Oliver,* 7 Cal. App. 601, 602 [95 Pac. 172].) In the case of *People* v. *Oliver, supra,* the defendant was adjudged guilty of the crime of grand larceny after a prior conviction of burglary. The offense was punishable by imprisonment in the state prison for not less than ten years. He was sentenced to

serve a term of seven years.  On appeal the court affirmed the judgment and held that the judgment was not void and should not be returned to the trial court to be corrected to the detriment of the defendant. ·

The judgment and the order denying the motion for a new trial are affirmed.

Conrey, P. J., and Houser, J., concurred.