[Crim. No. 847.   Third Appellate District.—May 7, 1925.]

THE PEOPLE, Respondent, v. CHRIS ERBEL, Appellant.

[1] CRIMINAL LAW—MANUFACTURE OF INTOXICATING LIQUOR—FITNESS FOR BEVERAGE PURPOSES—EVIDENCE.—In this prosecution for unlawfully manufacturing intoxicating liquor, alleged in the information to be "fit for use for beverage purposes," the evidence, consisting of a stipulation that the liquor in question contained fifty per cent of alcohol by volume, the testimony of one of the men engaged with defendant in the manufacture thereof as to the process and ingredients used, neither of which would have any tendency to render the liquor unfit for beverage purposes, but indicated rather the ordinary case of the illicit manufacture of corn whisky, evidence showing that the operations were conducted with as much secrecy as possible, and the testimony of the sheriff that he smelled and tasted the liquor and that it was jackass brandy was sufficient to show that the liquor was fit for beverage purposes within the meaning of the statute, in the absence of any evidence to the contrary.

[2] ID.—UNAUTHORIZED PRISON SENTENCE—VOID JUDGMENT—NEW SENTENCE.—Where the information in such prosecution does not charge a prior conviction, a judgment that the defendant "pay a fine of $750, or in lieu thereof to be confined in the county jail for six months; and for further punishment to be confined in the county jail for 30 days, unless sooner discharged," is entirely void, in that it attempts to impose a direct prison sentence and a fine for a first offense; but such error does not require the appellate court to order a new trial, as the trial court has the power to call the defendant before it and impose a sentence in accordance with law.

(1) 33 C. J., p. 775, n. 19.   (2) 16 C. J., p. 1123, p. 74; 17 C. J., p. 363, n. 8 New; 33 C. J., p. 796, n. 37.

APPEAL from a judgment of the Superior Court of Del Norte County and from an order denying a new trial. Warren B. Tryon, Judge.  Judgment reversed but new trial denied.

The facts are stated in the opinion of the court.

John L. Childs and George W. Howe for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

2.  See 14 Cal. Jur. 752.

FINCH, P. J.—The defendant was convicted of the crime of unlawfully manufacturing intoxicating liquor, alleged in the information to be "fit for use for beverage purposes." His motion for a new trial was denied. This appeal is from the judgment and the order denying a new trial.

[1] It was stipulated at the trial that the liquor in question contained fifty per cent of alcohol by volume, but it is contended that there is no evidence to show that it was fit for beverage purposes. One of the men engaged with the defendant in manufacturing the liquor testified that it was jackass brandy. He described fully the process of manufacturing the liquor and the ingredients used for that purpose. Neither the process described nor the ingredients used would have any tendency to render the liquor unfit for beverage purpose, but indicated rather the ordinary case of the illicit manufacture of corn whisky. The operations were conducted with as much secrecy as possible, the plant being located in the woods and the utensils were hidden in the brush when not in use, thus indicating a consciousness that the manufacture of the liquor was unlawful. The sheriff of the county testified that he smelled and tasted the liquor and that it was jackass brandy. In the absence of anything to the contrary, the evidence is sufficient to show that the liquor was fit for beverage purposes within the meaning of the statute.

[2] Apparently through inadvertence the judgment is void. It provides that the defendant "pay a fine of $750, or in lieu thereof to be confined in the county jail . . . for six months; and for further punishment to be confined in the county jail for 30 days, unless sooner discharged." The information did not charge a prior conviction. Section 29 of the Volstead Act provides: "Any person who manufactures or sells liquor in violation of this title shall for a first offense be fined not more than $1,000, or imprisoned not exceeding six months." While for a first offense of unlawful manufacture of liquor a court may impose a fine, with the alternative of imprisonment at a given rate per day until the fine is satisfied, not exceeding a total of six months, or a direct jail sentence, the court is without power to impose a direct prison sentence and a fine for a first offense. The judgment is entirely void. (*Ex parte Gilmore,* 71 Cal.

624 [12 Pac. 800]; *People* v. *Conley,* 27 Cal. App. 362, 365 [150 Pac. 412].) It is unnecessary, however, to order a new trial. The judgment being void, the trial court has power to call the defendant before it and impose a sentence in accordance with law. (*People* v. *Conley, supra; People* v. *Johnson,* 71 Cal. 384, 392 [12 Pac. 261]; *People* v. *Sama,* 189 Cal. 153 [207 Pac. 893]; *People* v. *Bassetti,* 58 Cal. App. 390, 395 [208 Pac. 696].)

The order denying a new trial is affirmed and the judgment is reversed and set aside, with direction to the trial court to render and enter an appropriate judgment.

McDaniel, J., *pro tem.,* and Plummer, J., concurred.