[Crim. No. 1846. Second Appellate District, Division Two.—August 2, 1929.]

THE PEOPLE, Respondent, v. BEN ROSSEAU, Appellant.

Fred Duffy for Appellant.

U. S. Webb, Attorney-General, and John D. Richer, Deputy Attorney-General, for Respondent.

CRAIG, J.—The appellant in this case was found guilty upon an information charging that he unlawfully sold whisky containing more than one-half of one per centum of alcohol. A motion for a new trial thereafter interposed in his behalf was denied, and he appeals from the judgment and from the order denying said motion.

It is insisted that the evidence adduced by the People entirely failed to show that the substance sold contained more than the legal content of alcohol, or that it was fit for beverage purposes. Four men drove to the defendant's house, one of whom asked him for a pint of whisky,

for which he demanded two dollars in advance, and was so paid. He disappeared for three or four minutes, delivered to the purchaser a package containing a bottle the contents of which three of them testified was "moonshine whisky," and was immediately arrested. The arresting officer testified that for a number of years he had known what liquor was, that prior to entering upon his official duties he had tasted liquor of all brands and was familiar therewith, and that during the last nine preceding months he had been required to taste samples of liquor. The second witness swore that the defendant at first did not want to sell them whisky, but when reminded that they had been there before, he filled their order. This witness testified that from his experience with liquor since he was a boy in Tennessee, and from sampling it and having the same analyzed by a chemist, he knew the various kinds, and knew the contents of the bottle in question to be whisky. The third witness related the circumstances of the arrest, testifying that he knew the taste of whisky, and that the contents of said bottle was intoxicating liquor. All of the evidence offered by the defendant was to the effect that he had no liquor, that he sold none to the officers, and that he did not deliver any package to them. No evidence was offered which tended to show that the bottle, if it was so sold, contained poison or was sold or intended for medicinal purposes. Two of the witnesses testified that it contained whisky, and another that its contents were intoxicating liquor. Witnesses similarly qualified have heretofore testified as to the quality and character of liquors, and such evidence has been upheld as sufficient to support the judgments of convictions. (*People* v. *Ellena,* 56 Cal. App. 428 [205 Pac. 701]; *People* v. *Silva,* 67 Cal. App. 351 [227 Pac. 976].) ▄ "Intoxicating liquor" is a beverage containing an alcoholic content of one-half of one per centum or more, which the national, state or municipal legislative bodies may denounce as illegal. (*Ex parte Simmons,* 199 Cal. 590 [250 Pac. 684].) Hence the jury were entitled to believe the testimony of the People's witnesses that a bottle of whisky was purchased from the defendant; and this being so, the evidence as to its contents stands uncontradicted, and the allegations of the information were established by substantial evidence.

■ The contention of appellant that the record does not show that any witness actually tasted the liquor in question cannot be fairly upheld. One witness informed the jury that it was moonshine "because of the taste of it"; he actually sampled the contents of the bottle at the time he bought it from the defendant, and that it is necessary for him to taste every sample he gets. It would be hyper-technical to say that the jury were not justified in concluding from this testimony that the witness had tasted the beverage. The word "sample" used in this sense may certainly mean to "taste."

■ It is complained that the trial court erroneously instructed the jury that "intoxicating liquor" is legally construed to include alcohol, brandy, whisky, rum, gin, beer and wine or other liquor containing one-half of one per centum or more of alcohol by volume, which are fit for beverage purposes, and that if they should find that the liquor in question was whisky, it need not be proved to have been fit for beverage purposes; that the sale of intoxicating liquor is prohibited except in exempted cases, and if satisfied that the defendant sold intoxicating liquor unlawfully as charged in the information, they should find him guilty. If this instruction be attacked upon the ground that it enumerates the various kinds of liquors prohibited by the statute, it should be noticed that following this explanation the jury's attention was confined to the sale of whisky, an intoxicating liquor, "as charged in the information." As was said in *People* v. *Gray*, 67 Cal. App. 549 [228 Pac. 358], wherein it appeared that a witness had tasted the contents of bottles sold by the defendant and testified that they contained whisky: "This evidence completely answers the two objections made by the appellant to the effect that the evidence failed to show that the liquor sold was fit for beverage purposes and that it failed to show that the liquor was intoxicating. In *People* v. *Mueller*, 168 Cal. 526–528 [143 Pac. 750], it was held that the court takes judicial notice that wine is an alcoholic liquor, that it is intoxicating and may be used as a beverage. The same rule would apply when the issue before the court is as to whether or not a particular liquor is whisky. (Black on Intoxicating Liquors, sec. 5; 17 Am. & Eng. Ency. of Law, p. 198; see, also, *People* v. *Allen*,

37 Cal. App. 180 [174 Pac. 374]; *People* v. *Ellena,* 56 Cal. App. 428 [205 Pac. 701].)'' It has been also held that this is particularly true when the issue involves moonshine whisky. (*United States* v. *Golden,* 1 Fed. (2d) 543.)

█ The period of imprisonment fixed by the judgment is excessive. It should be modified so as to conform to the provisions of the National Prohibition Act.

The judgment, modified as indicated herein, and order denying a new trial, are affirmed.

Works, P. J., concurred.

Thompson (Ira F.), J., being absent, did not participate in this decision.