[Crim. No. 3085. Second Appellate District, Division Two.—May 23, 1938.]

THE PEOPLE, Respondent, v. LAWRENCE F. ELLISON, Appellant.

Mark L. Herron and Russell Graham for Appellant.

U. S. Webb, Attorney-General, R. S. McLaughlin, Deputy Attorney-General, Buron Fitts, District Attorney, and Jesse J. Frampton, Deputy District Attorney, for Respondent.

WOOD, J.—An indictment was filed charging appellant, Lawrence F. Ellison, his wife, Mae C. Ellison, and Peggy L. Nutting with grand theft. Eighteen separate counts were contained in the indictment. At a jury trial all of the defendants were convicted on all counts. Defendants Mae C. Ellison and Peggy L. Nutting were granted probation and

defendant Lawrence F. Ellison prosecutes this appeal from the judgment of conviction.

Under the name of 'Southern Piano Company defendants were engaged in the business of retailing household furniture and appliances on conditional contracts of sale. Later the business was conducted under the name of Sales Acceptance Corporation, successor to Southern Piano Company. When articles of merchandise were sold to purchasers upon conditional contracts of sale defendants followed the practice of attaching schedules to the contracts and assigning them as collateral security for the loan of money to defendants by banks, finance companies and individuals. In assigning the contracts defendants warranted that they were executed in connection with the sale of merchandise which had been delivered to the purchasers. Defendants caused false and forged contracts to be prepared evidencing ostensibly the legitimate sales of household furniture and appliances to purchasers, and these were hypothecated with the various lenders upon the false representations, among others, that they were genuine. In some of the transactions defendants issued several contracts on the same piece of merchandise bearing the same serial number, each contract purporting to be an original, and sold them to different parties. ▉ Appellant concedes that the evidence is sufficient to sustain the verdicts on all counts except count XIII. On this count defendants were charged with the theft of six hundred dollars on September 26, 1936, from one Riddell. The record discloses that a check was given to defendants by Riddell on September 22, 1936, in the sum of six hundred dollars under conditions similar to those surrounding charges contained in the other counts. The evidence is amply sufficient to sustain the convictions on all counts.

▉ Appellant argues that "simple transactions were made the basis of several counts in the indictment, thus constituting double and triple jeopardy". We find no merit in this contention. On July 10, 1936, a schedule of contracts containing false representations was presented to one Slaff. Influenced by these false representations Slaff paid to defendants the sum of $1,000 on July 10th, the sum of $1204.27 on July 14th and the sum of $553.75 on July 20th. The false representations were made on only one occasion, but they provided the inducement for the payment by Slaff of three

sums of money on three separate occasions. It is provided in section 484 of the Penal Code that "any false and fraudulent representation or pretense made shall be treated as continuing, so as to cover any money, property or service received as a result thereof, and the complaint, information or indictment may charge that the crime was committed on any date during the particular period in question". The obtaining of three sums on different dates constituted three separate acts. The fact that the three sums were obtained from the same party and on the same representations does not reduce the three separate acts to one act. Appellant had the fraudulent intent to obtain property by false representations, and the obtaining of the property on the first occasion under the inducement of false representations constituted a complete crime. When at a later date other property was obtained under the influence of the fraudulent representations which had earlier been made a separate offense was committed. (*People* v. *Rabe*, 202 Cal. 409 [261 Pac. 303].)

Appellant also complains of the action of the trial court in giving instructions to the jury. The court instructed the jury at length on the fundamental rules of law covering the charges contained in the indictment, among the instructions being a number on the subject of conspiracy. The following instructions were given by the court: "If you believe from the evidence and beyond a reasonable doubt, that defendants L. F. Ellison, Mae C. Ellison and Peggy Nutting prior to the dates alleged in the indictment entered into a conspiracy to obtain money by means of false and fraudulent representations and pretenses, with intent to cheat and defraud, and thereafter and on or about the dates mentioned in Counts I to XVIII of the indictment, pursuant to said conspiracy and to further the objects and purposes thereof, said defendants, or any of them, did obtain the sums of money mentioned in said indictment by means of false and fraudulent representations and pretenses, with intent to cheat and defraud the persons named in the indictment, then you will find all of said defendants guilty upon all counts charged." "If there is reasonable doubt in your minds as to the existence of a conspiracy to cheat and defraud as herein defined between defendants L. F. Ellison, Mae C. Ellison and Peggy Nutting, but you do find from the evidence and beyond a reasonable doubt that on or about the dates men-

tioned in Counts I to XVIII of the Indictment, one of said defendants did obtain the money therein mentioned by means of false and fraudulent representations and pretenses, with intent to cheat and defraud the person or persons therein named, and said defendant was aided, assisted and abetted by one or more of his or her codefendants in so fraudulently obtaining said funds, then you will find such defendant or codefendant, as the case may be, guilty upon each count wherein you find he or she knowingly aided, assisted and abetted the other in so fraudulently obtaining said funds.'' The court also instructed the jury on the subject of aider and abbetter.

Appellant concedes that it was proper for the court to instruct the jury on the subject of conspiracy and that the instructions actually given were correct statements of the law but he complains that the instructions should have been limited; that the jury might have concluded from the instructions actually given that defendants could be convicted by proof of a conspiracy and an overt act without the actual consummation of the specific crime charged. We find nothing in the instructions above quoted or in other instructions given which authorized the jury to return verdicts of conviction without findings on their part that the sums of money mentioned in the indictment were actually obtained by the fraudulent representations. ■ Moreover, appellant is not now in position to complain of the failure of the trial court to limit the instructions on the subject of conspiracy in the manner indicated. He did not offer any instructions upon the subject of conspiracy. If he wanted to have the jury instructed upon the specific point mentioned in his brief he should have requested the trial court to give the instruction desired. (*People* v. *Allen,* 138 Cal. App. 652 [33 Pac. (2d) 77] ; *People* v. *Miller,* 97 Cal. App. 179 [275 Pac. 482].)

The judgment is affirmed.

Crail, P. J., and McComb, J., concurred.